FILED - GR
November 5, 2025 9:13 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: ______/______

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

Plaintiff,

1:25-cv-1367
Paul L. Maloney
United States District Judge

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION (ASHA),

Defendant.

Case No. __________

**BRIEF IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

Plaintiff Roderick Wright seeks a Temporary Restraining Order ("TRO") to prevent Defendant, the American Speech-Language-Hearing Association ("ASHA"), from enforcing or publishing a six-month revocation of his Certificate of Clinical Competence ("CCC"). Absent relief, Plaintiff faces immediate and irreparable harm including permanent reputational damage, loss of career and licensure opportunities, and exacerbation of his disability.

**LEGAL STANDARD**

A TRO is an "extraordinary remedy" warranted where the movant shows (1) a likelihood of success on the merits, (2) irreparable harm absent relief, (3) that the equities favor the movant, and (4) that an injunction serves the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Sixth Circuit applies these factors in a balancing test. N.E. Ohio Coalition for the Homeless v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006); Friendship Materials, Inc. v. Mich. Brick, Inc., 679 F.2d 100, 102 (6th Cir. 1982).

**ARGUMENT**

**I. Plaintiff Is Likely to Succeed on the Merits**

Plaintiff is a qualified individual with a disability under the ADA and Section 504. He submitted a written accommodation request on July 3, 2025, seeking written-only participation, extended deadlines, and plain-language notices. ASHA waited two weeks—until July 17, 2025—before acknowledging the request and asking for documentation, then ignored Plaintiff's provider letter and attorney follow-up. Proceeding without accommodation violates federal law. These failures not only violate the ADA and Section 504 but also deprived Plaintiff of the basic fairness and opportunity to be heard required by due process.

- Kaltenberger v. Ohio Coll. of Podiatric Med., 162 F.3d 432, 436–37 (6th Cir. 1998).
- McPherson v. Mich. High Sch. Athletic Ass'n, 119 F.3d 453, 460 (6th Cir. 1997).

ASHA also retaliated after Plaintiff filed a 2023 harassment complaint. The subsequent ethics complaint and revocation decision ignored exculpatory evidence, including contemporaneous emails proving a 2022 CF start date.

**II. Plaintiff Will Suffer Irreparable Harm Absent Relief**

If the revocation is allowed to take effect and be published, Plaintiff will suffer permanent reputational damage, loss of licensure and employment opportunities, and worsening of his disability symptoms (see Exhibit O, ASHA Board of Ethics Final Further Consideration Decision dated November 4, 2025, confirming revocation and imminent publication). Such harms cannot be remedied by money damages. Plaintiff's contemporaneous ADA Symptom & Stress Log (Exhibit K) documents the sleep disturbance, panic symptoms, and functional impacts underlying this irreparable harm.

- Bonnette v. Shelby Cty. Schs., 41 F. Supp. 3d 702, 709 (W.D. Tenn. 2014).
- Winter, 555 U.S. at 22.

**III. The Balance of Equities Favors Plaintiff**

Granting a TRO maintains the status quo. Defendant suffers no prejudice by temporarily pausing its sanction, while Plaintiff faces devastating harm without relief.

**IV. The Public Interest Supports Relief**

The public has a strong interest in the enforcement of civil rights laws and in ensuring fair, nondiscriminatory professional regulation. See N.E. Ohio Coalition, 467 F.3d at 1011.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court issue a Temporary Restraining Order preventing Defendant from enforcing or publishing any revocation of Plaintiff's CCC credential until this matter is fully adjudicated, and granting such other relief as the Court deems just and proper. The public interest further favors ensuring that professional certification bodies provide fair and accessible processes consistent with ADA and due-process principles. The Court should enter the proposed TRO and schedule a prompt PI hearing; supporting evidence includes Exhibit K (full log).

Respectfully submitted,

Dated: November 5, 2025

Roderick Wright

Roderick Wright

6181 Lake Michigan Drive, #103

Allendale, MI 49401

(616) 990-9284

Email: wrightiir@yahoo.com

Plaintiff, Pro Se