UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT WRIGHT,<br>Plaintiff,<br><br>-v-<br><br>AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-1367<br><br>Honorable Paul L. Maloney |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Robert Wright, proceeding without the assistance of counsel, filed this lawsuit and alleges that the American Speech-Language-Hearing Association (ASHA) violated his rights. Wright also filed a motion for a temporary restraining order (ECF No. 2). Having carefully reviewed the complaint and exhibits and the motion, the court finds that Wright has not demonstrated an irreparable harm that will occur before ASHA can be heard in opposition and will deny the motion.

I.

In the complaint, Wright contends that ASHA initiated an ethics complaint against him in October 2024 (ECF No. 1 Compl.). He submitted a written request in July 2025 for disability accommodations, presumably related to the ethics complaint. Wright asserts that ASHA requested medical documentation but did not engage in the required interactive process. In mid-August, ASHA acknowledged Wright's request but still proceeded without the requested accommodations. Although Wright does not explicitly mention the outcome

in his complaint, he does attach as an exhibit the decision rendered by ASHA on November 4, 2026 (ECF No. 1-16 PageID.80-81).

The Board of Ethics issued a "Decision After Further Consideration" (*id.* PageID.80.) The Board of Ethics held a hearing October 24, 2025, and affirmed the findings of violations and sanction that were made in an Initial Determination (*id.*). The Board identifies violations of at least three Principles of Ethics—II Rule B, IV Rule E, and IV Rule G (*id.*). As a sanction, ASHA will revoke Wright's membership and certification for six months "effective from the date of the Final Decision" (*id.* PageID.81). The document explains that that "*proposed* sanction is a formal disciplinary action of public record" and that "*upon becoming final*, will be published in an ASHA publication that is distributed and available to all members" (*id.*) (italics added).

Wright has the ability to appeal the decision issued on November 4. The document explicitly instructs that Wright can file an appeal to an Ethics Appeal Panel (*id.*). Any appeal must be filed within 30 days of the date of the letter (*id.*) The document provides a web address to a web page titled "Practices and Procedures for Appeals of Board of Ethics Decisions (2024)" (*id.*) The final paragraph of the "Practices and Procedures" web page includes the following statement: "If the Appeal Panel affirms the BOE Decision After Further Consideration, the BOE will issue a final decision to that effect."[1]

[1] https://www.asha.org/policy/ET2017-00348/ visited on November 5, 2025.

Wright requests a temporary retraining order enjoining ASHA from "enforcing, publishing or otherwise implementing any revocation of [his] CCC credential" (ECF No. 2 PageID.86).

II.

Decisions regarding a temporary restraining order fall within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361. The four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

Wright has not demonstrated any irreparable injury that will occur before ASHA can be afforded notice and an opportunity to respond. The Board of Ethics issued a "Decision After Further Consideration," not a final decision. The Board's decision instructs Wright

how to file an appeal and states that the outcome of the appeal would be considered a final decision. The Board's sanction becomes effective on the date of the final decision, which has not yet occurred. While the four factors must be balanced, a court abuses its discretion by granting a temporary restraining order in the absence of some evidence of irreparable injury. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326-27 (6th Cir. 2019). "[A]lthough the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory." *Id.*

III.

The court **DENIES** Plaintiff Wright's motion for a temporary restraining order (ECF No. 2). Wright must serve ASHE with a copy of the summons and complaint. Within seven (7) days of service of the summons and complaint, ASHE must file a response to Wright's motion for injunctive relief. After reviewing the response, the court may notice a hearing or the court may resolve the matter without a hearing. **IT IS SO ORDERED.**

Date: November 7, 2025

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge