**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT WRIGHT,

Plaintiff,

Case No. 1:25-cv-1367
Hon. Paul L. Maloney

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

---

**DEFENDANT'S ANSWER TO COMPLAINT**

---

**NOW COMES** Defendant, American Speech-Language Hearing Association ("Defendant"), by and through its attorneys, PLUNKETT COONEY, and for its Answer to Plaintiff's Complaint states as follows:

**Jurisdiction and Venue**

1. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the ADA and Section 504.

**ANSWER: Answering the Allegations contained in Paragraph 1, Defendant admits that this Court has jurisdiction pursuant to 28 USC § 1331 and Section 504 of the Rehabilitation Act, but denies that Defendant violated same.**

1A. This Court also has diversity jurisdiction under 28 U.S.C § 1332 because Plaintiff is a citizen of Michigan, Defendant is incorporated and headquartered in Maryland, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: Answering the Allegations contained in Paragraph 1A, Defendant admits that this Court has jurisdiction pursuant to 28 USC § 1332.**

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred here and Plaintiff resides in this District.

**ANSWER: Answering the Allegations contained in Paragraph 2, Defendant admits that venue is proper.**

**PARTIES**

3. Plaintiff Roderick Wright is an individual residing in Allendale, Michigan.

**ANSWER: Answering the Allegations contained in Paragraph 3, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

4. Defendant American Speech-Language Hearing Association ("ASHA") is a professional association headquartered in Rockville, Maryland. On information and belief, ASHA receives federal financial assistance, including but not limited

to federal grants and/or federally backed relief, making it subject to Section 504. The precise nature and scope of Defendant's federal financial assistance is within Defendant's possession and will be confirmed in discovery.

**ANSWER: Answering the Allegations contained in Paragraph 4, Defendant admits only that it is a professional association headquartered in Rockville, Maryland. As to the remaining allegations, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs**.

**FACTUAL ALLEGATIONS**

5. Plaintiff began his Clinical Fellowship (CF) on or about October 17, 2022, when he was hired, onboarded, assigned mentors, and began training and caseload preparation. Under ASHA's own standards and staff guidance, orientation and training activities constitute the official start of a CF experience. Accordingly, Plaintiff's CF began before December 31, 2022, making him eligible to complete his CF under the telepractice rules then in effect.

**ANSWER: Answering the Allegations contained in Paragraph 5, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

6. In October 2023, Plaintiff filed a formal harassment complaint against ASHA staff member Amanda Gallagher and requested that she cease further contact.

**ANSWER: Answering the Allegations contained in Paragraph 6, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

7. In or about July 2024, Plaintiff was awarded the Certificate of Clinical Competence (CCC).

**ANSWER: Answering the Allegations contained in Paragraph 7, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

8. In or about October 2024, Defendant initiated an ethics complaint against Plaintiff. The Complaint was initiated by Ethics Board leadership (including then-Vice Chari Laura Verdun).

**ANSWER: Answering the Allegations contained in Paragraph 8, Defendant admits only that it initiated an ethics complaint against Plaintiff.**

9. On July 3, 2025, Plaintiff submitted a written requires for ADA accommodations to ASHA. Plaintiff requested, among other things, written-only communications, extended deadlines, and plain-language instructions.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 9, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

10. On July 17, 2025, ASHA requested medical documentation but failed to engage in the interactive process thereafter.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 10, Defendant denies that it failed to engage in the interactive process with Plaintiff for the reason that the allegation is untrue.**

11. On August 11, 2025, Plaintiff's counsel notified ASHA that its failure to engage in the interactive process violated federal law.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 11, Defendant denies that it failed to engage in the interactive process with Plaintiff for the reason that the allegation is untrue.**

12. On or about mid-August 2025, ASHA staff acknowledged Plaintiff's ADA request but treated it dismissively and proceeded with the ethics matter without accommodations.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 12, Defendant denies that dismissed Plaintiff's ADA request for the reason that the allegation is untrue.**

13. On August 14, 2025, plaintiff filed a civil rights complaint with the U.S. Department of justice, Civil Rights Division.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 13, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

14. On information and belief, Gallagher had previously communicated false or misleading information about Plaintiffs CF start date. Although Gallagher's name does not appear as the filer of the ethics complaint, the timing of the ethics action – approximately one year after Plaintiff's harassment complaint – together with ASHA's dismissive treatment of his ADA request, evidences retaliatory motive.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 14, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

15. Plaintiff has suffered and continues to suffer economic harm, reputational injury, emotional distress, and the exacerbation of his disability as a direct result of Defendant's unlawful actions. These harms include loss of professional opportunities permanent stigmatization from a public disciplinary record, deterioration of mental health, and denial of ADA rights during the ethics process. Plaintiff seeks compensatory damages for financial losses and

emotional distress, punitive damages to deter Defendant's misconduct, and injunctive relief to prevent further harm. Plaintiff maintains a contemporaneous ADA Symptom & Stress Log (Exhibit K) documenting ongoing emotional distress, sleep disturbance, compulsive behaviors, and cognitive impacts caused by Defendant's conduct.

**ANSWER: Answering the Allegations contained in Paragraph 15, Defendant denies that it committed any ADA violations for the reason that the allegation is untrue. As to any remaining allegations contained in Paragraph 15, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

**COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITY ACT (TITLE III)**

16. Plaintiff incorporates paragraphs 1 through 15 as if fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference its responses to allegations 1-15 above as if fully set forth herein.**

17. ASHA is a private entity that operates places of public accommodation and provides certification and related services affecting public professional licensure and employment.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 17, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

18. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 18, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

19. ASHA failed to make reasonable modifications to policies, practices, or procedures when such modifications were necessary to afford Plaintiff equal access to its services, and failed to engage in the interactive process.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 19, Defendant denies the allegations contained therein for the reason that they are untrue.**

19A. On September 3, 2025, ASHA Ethics Officer Katharine Meyer sent an email acknowledging receipt of Plaintiff's ADA accommodation package and confirming that it had been entered into the official record of BE 25-003. In that email, ASHA attempted to reframe the ADA request as part of its internal ethics process and represented that it had been "working with Plaintiff's attorneys"

regarding accommodations. In reality, Plaintiff's attorneys were not handling the ADA portion; Plaintiff himself initiated and pursued that request. At no time did ASHA engage in the required interactive process directly with Plaintiff. This contemporaneous record reflects both ASHA's actual notice of Plaintiff's disability and its failure to interact directly with him regarding accommodations.

**ANSWER: Answering the Allegations contained in Paragraph 19A, Defendant denies that it violated the ADA and/or failed to engage in the interactive process with Plaintiff and/or his attorneys for the reason that the allegation is untrue. As to the remaining allegations contained in paragraph 19A, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

20. ASHA's actions and omissions unlawfully discriminated against Plaintiff on the basis of disability.

**ANSWER: Answering the Allegations contained in Paragraph 20, Defendant denies the allegations for the reason that they are untrue.**

**COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

21. Plaintiff incorporates paragraphs 1 through 19 as if fully set forth herein.

**<u>ANSWER:</u> Defendant hereby incorporates by reference its responses to allegations 1-20 above as if fully set forth herein.**

22. Defendant ASHA receives federal financial assistance from the U.S. Department of Health and Human Services, including federal research grants administered by the national Institutes of health (NIH). For example, NIH's official RePORT database lists ASHA as the recipient of federal awards totaling approximately $41,824 in FY2024 and additional awards in prior years. ASHA is therefore subject to Section 504 of the Rehabilitation Act and its implementing regulations.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 22, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

23. ASHA discriminated against Plaintiff on the basis of disability by refusing to provide reasonable accommodations and by proceeding with disciplinary actions without addressing Plaintiff's disability needs.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 23, Defendant denies the allegations for the reason that they are untrue.**

24. To the extent the precise nature of Defendant's federal financial assistance is disputed, the facts lie within Defendant's control and will be confirmed in discovery.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 24, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

**<u>COUNT III – DENIAL OF FAIR PROCEDURE</u>**
**<u>(ALTERNATIVE COMMON-LAW CLAIM)</u>**

25. Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

**<u>ANSWER:</u> Defendant hereby incorporates by reference its responses to allegations 1-24 above as if fully set forth herein.**

26. Defendant conducted its ethics proceeding in a manner that denied Plaintiff a fair opportunity to present evidence and to participate on equal terms given his disability-related needs.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 26, Defendant denies the allegations for the reason that they are untrue.**

27. Defendant relied on irrelevant and prejudicial material and ignored Plaintiff's timely requests for ADA accommodations, resulting in fundamental unfairness.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 27, Defendant denies the allegations for the reason that they are untrue.**

**<u>COUNT IV – RELATIATION</u>**

28. Plaintiff incorporates paragraphs 1 through 27 as if fully set forth herein.

**<u>ANSWER:</u> Defendant hereby incorporates by reference its responses to allegations 1-27 above as if fully set forth herein.**

29. Plaintiff engaged in protected activity by (a) filing a harassment complaint against ASHA staff (October 2023) and (b) requesting ADA accommodations (July 3, 2025).

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 29, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiff to his strict proofs.**

30. Shortly after these protected activities, ASHA initiated and advanced ethics proceedings against Plaintiff and treated his ADA request dismissively.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 30. Defendant denies the allegations for the reason that they are untrue.**

31. On information and belief, false or misleading start-date information provided by Gallagher influenced the ethics process; even if Gallagher did not formally file the Complaint, ASHA's actions were motivated, at least in part, by Plaintiff's protected activities.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 31, Defendant denies the allegations for the reason that they are untrue.**

32. ASHA's conduct constitutes unlawful retaliation and has caused Plaintiff reputational and economic harm and emotional distress.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 32, Defendant denies the allegations for the reason that they are untrue.**

**<u>PRAYER FOR RELIEF</u>**

33. Issue a temporary Restraining Order and Preliminary Injunction preventing Defendant from revoking Plaintiff's CCC and from publishing any revocation during the pendency of this action;

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 33, Defendant states that it has filed a Response to Plaintiff's Request for a Temporary Restraining Order and relies on the facts and authority contained within that Response to deny Plaintiff's requested relief.**

34. Declare that Defendant violated the ADA and Section 504;

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 34, Defendant denies that it violated the ADA and Section 504 for the reason that the allegations are untrue.**

35. Order Defendant to reinstate and preserve Plaintiff's CCC in good standing, with prejudice to any further revocation or disciplinary action based

on the same or substantially similar allegations or facts underlying BE 25-003;

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 35, Defendant denies that Plaintiff has met the requirements for a good standing CCC.**

36. Require Defendant to provide the reasonable accommodations requested, including written-only communications, extended deadlines, and plain-language instructions.

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 36, Defendant denies that it failed to provide Plaintiff the requested accommodations for the reason that the allegations is untrue.**

37. Award compensatory and punitive damages for Plaintiff's emotional distress, reputational injury, and economic loss, including reimbursement of out-of-pocket attorney's fees and expenses incurred in responding to the ethics proceeding and in pursuing ADA accommodations, which were proximately caused by Defendant's unlawful conduct;

**<u>ANSWER:</u> Answering the Allegations contained in Paragraph 37, Defendant requests that this Court deny Plaintiff's request for compensatory and punitive damages and fees and costs and instead dismiss Plaintiff's Complaint in its entirety.**

38. Award costs and such other and further relief as the Court deems

just and proper.

**ANSWER: Answering the Allegations contained in Paragraph 38, Defendant requests that this Court deny Plaintiff's request for fees and costs and instead dismiss Plaintiff's Complaint in its entirety.**

39. Award Plaintiff reasonable attorneys' fees and costs as permitted by 42 U.S.C. § 12205 (ADA) and 29 U.S.C. § 794a(b) (§ 504).

**ANSWER: Answering the Allegations contained in Paragraph 39, Defendant requests that this Court deny Plaintiff's request for fees and costs and instead dismiss Plaintiff's Complaint in its entirety.**

**WHEREFORE,** Defendant American Speech-Language-Hearing Association, respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and fees incurred.

**RELIANCE ON JURY DEMAND**

Defendant American Speech-Language Hearing Association, by and through its attorneys, PLUNKETT COONEY, states its reliance upon the Jury Demand previously filed by Plaintiff in this matter.

PLUNKETT COONEY
By: */s/Courtney L. Nichols*
Courtney L. Nichols (P75160)
Attorneys for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Dated: December 1, 2025 248-594-6360

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT WRIGHT,

Plaintiff,

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

Case No. 1:25-cv-1367
Hon. Paul L. Maloney

**DEFENDANT'S AFFIRMATIVE DEFENSES**

**NOW COMES** Defendant, American Speech-Language Hearing Association ("Defendant"), by and through its attorneys, PLUNKETT COONEY, and sets forth the following Special and/or Affirmative Defenses upon which it may rely:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may fail as a matter of law because he does not meet the definition of "disabled" under applicable law.

3. Plaintiff's claims fail as a matter of law because he was not discriminated against by Defendant.

4. Plaintiff's disability claims fail as a matter of law because he was never denied any reasonable accommodation.

5. Plaintiff cannot maintain a retaliation claim under federal law as he did not exhaust his administrative remedies with regard to same.

6. Plaintiff's disability claims fail as a matter of law because he failed to engage in the interactive process.

7. Plaintiff's disability claims fail as a matter of law as Defendant engaged in the interactive process.

8. Plaintiff's retaliation claim fails as a matter of law because he was not treated differently because of any alleged protected activity.

9. Plaintiff's retaliation claim fails as a matter of law because his CCC was revoked for a legitimate, nondiscriminatory and non-retaliatory reason that he cannot establish its pretext.

10. Plaintiff may have failed to mitigate his damages.

11. Some or all of Plaintiff's claims may be barred by the equitable doctrines of waiver, unclean hands, latches, and/or estoppel.

12. Plaintiff's alleged damages may be barred and/or limited in accordance with the after-acquired evidence doctrine.

13. Plaintiff's claims are not warranted under existing law and are unsupported by credible evidence available to Plaintiff upon filing his Complaint.

14. One or more of Plaintiff's claims may be barred by the doctrines of res judicata, waiver and release, exclusive remedy and/or accord and satisfaction. Defendant reserves the right to conduct discovery on these issues and if ultimately proven inapplicable, will agree to withdraw this defense prior to trial.

15. Defendant intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent through the course of discovery and hereby reserves its right to amend its Answer to assert such defenses or claims.

PLUNKETT COONEY

By: /s/Courtney L. Nichols

Courtney L. Nichols (P75160)
Attorneys for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
248-594-6360
cnichols@plunkettcooney.com

Dated: December 1, 2025