UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RODERICK WRIGHT,<br>Plaintiff,<br><br>-v-<br><br>AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,<br>Defendant. | ) | No. 1:25-cv-1367<br><br>Honorable Paul L. Maloney |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Roderick Wright, proceeding without the assistance of counsel, filed a second motion for a temporary restraining order (ECF No. 17). The court finds that Plaintiff has not demonstrated a strong likelihood of success on the merits and Plaintiff has not provided declaration or verified complaint to establish an irreparable harm before Defendant can be heard in opposition to the motion.

Plaintiff pleads that Defendant initiated an ethics complaint against him in October 2024 (ECF No. 1 Compl. ¶ 8 PageID.3). It appears that Defendant reached an initial determination on June 26, 2025, that was adverse to Plaintiff (*see* ECF No. 1-10 Aug. 11, 2025 Letter PageID.43). A few days later, Plaintiff sent Defendant a letter requesting information explaining the basis for the initial determination and reasonable accommodations based on his PTSD (ECF No. 1-9). Plaintiff requested reasonable accommodations including "Modification to communications methods," "Extensions or modifications of deadlines," and "Any additional assistance necessary to ensure a fair and accessible process" (*id.* PageID.202). He also asked for a "detained explanation and all

supporting documentation used to form the teletherapy hours allegation" and an "explanation and documentation addressing why ASHA records reflect a CF start date of 2023, when I already submitted clear, verifiable evidence demonstrating my CF began in 2022" (*id.* PageID.202-03).

Plaintiff pleads that on July 17, 2025, Defendant requested medical documentation to support his disability (ECF No. 1 Compl. ¶ 10 PageID.3). An email dated September 2 from Defendant references that Defendant made a request for the disability documentation on July 17 and asked that it be provided the information by July 31 (ECF No. 1-8 Sept. 2 Email PageID.37). That same email indicates that Plaintiff sought an extension to August 1, and that Defendant extended the deadline to August 6 (*id.*). The email indicates Plaintiff mailed a letter from Stephen Hickner, M.D., recommending (1) extended deadlines, (2) written only communications, (3) clear, plan [sic]-language instructions, (4) recognition of disability-related challenges, (5) flexibility in submission formats, and (6) an interactive process acknowledging these needs (*id.*; *see* ECF No. 1-13 PageID.63). The September email states that Defendant, by email dated August 18, agreed to the request (*id.*).

Through counsel, on August 11, 2025, Plaintiff submitted a written request for a Further Consideration Hearing concerning the Initial Determination (ECF No. 1-10). The letter reiterated Plaintiff's request for accommodations and specifically mentions asynchronous, written-only participation in the process (*id.* PageID.43). Through counsel, on October 17, Plaintiff filed a written brief in support of the Further Consideration Hearing (ECF No. 1-15).

On November 4, 2025, Defendant affirmed the Initial Determination findings and violations and sanction in a document titled Decision After Further Consideration (ECF No. 1-16).

Plaintiff filed this lawsuit on November 5, 2025. Plaintiff filed his initial motion for a Temporary Restraining Order (TRO) the same day (ECF No. 2). The court denied the motion because Plaintiff had time to file an appeal and, therefore, could not establish an irreparable injury (ECF No. 10). The deadline for filing an appeal of the Decision After Further Consideration expired on December 5 (ECF No. 1-16 PageID.81). Plaintiff filed this motion for a second TRO on December 5.

II.

Decisions regarding a temporary restraining order are within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest

would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (citation omitted). four factors are not prerequisites that must be met, but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition for Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

III.

Plaintiff likely has not met the procedural requirements for a TRO. Plaintiff did not file a verified complaint. Plaintiff did file a declaration with his complaint (ECF No. 1-1 PageID.9-10). But the declaration does not set forth facts to support an irreparable harm that will occur before Defendant can be heard in opposition to this second motion for a TRO. Plaintiff declares under penalty of perjury "that the facts stated in the foregoing Exhibits and Declarations Index are true and correct to the best of knowledge and belief, and that Exhibits A-O are true and correct copies of the documents they purport to be" (*id.*). Plaintiff did not file a declaration or affidavit with his second motion for a TRO. Plaintiff alleges in his motion that he opted not to file an appeal. That allegation, without support from a declaration or affidavit, likely does not meet the evidentiary requirement necessary for a TRO.

Even if the court sets aside its concerns about the procedural requirement and the lack of evidentiary support for the allegation of irreparable harm, Plaintiff has not demonstrated a strong likelihood of success on the merits. Plaintiff pleads that he requested certain accommodations (Compl. ¶ 9 PageID.3) and thereafter Defendant failed to engage in the interactive process (*id.* ¶ 10-11 PageID.3). Plaintiff makes this same assertion, the failure to engage in the interactive process, in the portion of his complaint outlining his cause

of action (*id.* ¶ 19-19A PageID.4). Plaintiff also pleads that Defendant refused to provide him with reasonable accommodations (*id.* ¶ 23 PageID.5). But Defendant's September 2 email attached to Plaintiff's complaint indicates that Defendant granted Plaintiff the accommodations he requested. And Plaintiff had counsel file a written request for a Further Consideration Hearing and a brief in support of his position opposing the initial determination. It is not clear to the court what accommodations Plaintiff requested and Defendant denied. To the extent Plaintiff contends Defendant refused to engage in the interactive process, that allegation lacks any evidentiary support in Plaintiff's declaration and in the attachments to the complaint and the motion. The court declines to accept the allegation as true. It lacks any detail or facts in support.

Plaintiff also pleads that the ethics complaint was an act of retaliation after he filed a complaint against AHSA staff (*id.* ¶ 29-30 PageID.6). Again, Plaintiff's allegation lacks any support. Plaintiff's declaration and the attachments to his complaint and to his motion do not provide any evidentiary basis for the assertion of retaliation. For the purpose of this motion, the court need not accept the assertion as true. The assertion in the complaint lacks any detail or facts in support.

IV.

Because the court finds that Plaintiff has not met his burden to prove an irreparable harm and has not demonstrated a strong likelihood of success on the merits, the court **DENIES** Plaintiff's second motion for a temporary restraining order (ECF No. 17). **IT IS SO ORDERED.**

Date: December 8, 2025

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge