UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE
-HEARING ASSOCIATION, et al.,

Defendants.
_________________________________/

Case No. 1:25-cv-01367

Hon. Paul L. Maloney
U.S. District Judge

**ORDER**

This Order addresses Plaintiff's motions for ADA accommodations. (ECF No. 5 and 24.) Plaintiff says that he "has a documented disability substantially limiting major life activities including concentration and communication in stressful adversarial settings." (*Id.*, Page100.) As a result, Plaintiff requests (1) communication in writing instead of oral hearings, (2) extended time to respond, and (3) the use of plain language in Court notices. (*Id.*) Plaintiff asserts that he is unable to participate in live proceedings including video or in-person proceedings. He seeks permission to litigate this case in writing. (ECF No. 24, PageID.279.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines a "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government;

and (C) the National Railroad Passenger Corporation, and any other commuter authority." 42 U.S.C. § 12131.

> Thus, Title II is inapplicable to the federal government or an agency, such as the federal courts. *See Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("[w]hile the ADA requires state courts to make disability accommodations, the ADA does not apply to federal courts."). As such, motions seeking accommodations under the ADA for federal court litigants are without foundation. "The ADA has no application in the context of excusing a pro se litigant from following statutory provisions, regulatory provisions, the Federal Rules of Civil Procedure and court rules, including the ... Local Rules of Court, and court orders." *McDowell v. McDonough*, No. 21-CV-003388, 2024 WL 4751692, 2024 U.S. Dist. LEXIS 183961 (W.D.N.Y. Oct. 8, 2024).

*Warner v. Gilbarco Inc.,* No. 2:24-CV-12333, 2025 WL 2985113, at *2 (E.D. Mich. Aug. 26, 2025).

Further, the Court cannot guarantee that oral hearings will not be necessary in this case. Obviously, if this case goes to trial, Plaintiff will have to be present in court to conduct the trial. If Plaintiff needs more time to respond to a specific motion or order, he may file a motion seeking additional time. Finally, the Court encourages the use of plain language.

Plaintiff's motions are DENIED without prejudice.

**IT IS SO ORDERED**

Dated: December 23, 2025

/s/ Maarten Vermaat
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE