UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

Case No. 1:25-cv-01367

HON. PAUL L. MALONEY

**MOTION TO PROCEED BY WRITTEN SUBMISSION AND TO WAIVE PERSONAL APPEARANCE AT RULE 16 AND OTHER PRETRIAL PROCEEDINGS**

Plaintiff Roderick Wright respectfully moves this Court to allow him to participate in pretrial proceedings, including any Rule 16 scheduling conference, by written submission only and to waive any requirement of his personal appearance (whether in person, by video, or by other real-time visual means), and states:

1. In its December 23, 2025 Order addressing Plaintiff's motions for ADA accommodations (ECF No. 25), the Court acknowledged that Plaintiff "has a documented disability substantially limiting major life activities including concentration and communication in stressful adversarial settings."

2. The Court further recognized that Plaintiff "requests (1) communication in writing instead of oral hearings, (2) extended time to respond, and (3) the use of plain language in Court notices," and that he "asserts that he is unable to participate in live proceedings including video or in-person proceedings" and "seeks permission to litigate this case in writing."

3. Plaintiff's treating provider has advised that Plaintiff participate in this litigation in writing only and that he not engage in real-time, visually mediated court interaction (including video conferences), because such real-time interactions—even when labeled "non-adversarial" or "scheduling"—predictably trigger severe symptoms that substantially impair his ability to process information, concentrate, communicate coherently, and retain what is said.

4. These functional limitations are not limited to formal "contested" or "argument" settings. Any live, real-time court interaction tied to this case—including Rule 16, status, or other pretrial conferences—has the same destabilizing effect on Plaintiff's concentration and communication as an adversarial hearing. The issue is not the label placed on the proceeding, but the real-time demand itself.

5. Under Rule 16, the Court has broad discretion to manage pretrial conferences and case scheduling, including conducting conferences and obtaining input "by telephone, mail, or other means" and modifying schedules "for good cause." Plaintiff's request is grounded in the Court's case-management authority and the need to ensure that he can meaningfully participate in his own case.

6. In light of the Court's recognition of Plaintiff's documented limitations and the treating provider's directives, Plaintiff respectfully submits that there is good cause for the Court to:

a. Conduct any Rule 16 conference and other non-evidentiary pretrial case-management matters on written submissions from Plaintiff, in lieu of requiring his live personal appearance; and

b. Accept Plaintiff's written responses to standard Rule 16 topics (e.g., case background, contemplated motions, discovery needs, and proposed schedule) within a deadline set by the Court.

7. Plaintiff further requests that the Court explicitly state that he will not be required to participate by video or other real-time visual format at pretrial proceedings. If, despite the foregoing, the Court determines that some real-time contact is absolutely necessary, Plaintiff requests that any such contact be limited to the least intrusive format consistent with his functional limitations—specifically, a brief audio-only telephonic appearance, with the Court's questions provided in writing in advance to the extent reasonably practicable.

8. Granting this motion will not prejudice Defendant. It will not alter the substantive rights of the parties, the governing law, or the scope of discovery. It simply adjusts the manner of Plaintiff's participation so that he can understand, process, and respond to the Court's directives without the disabling impact of real-time, visually mediated proceedings.

9. Absent such relief, there is a significant risk that Plaintiff will be unable to meaningfully participate in case-management discussions that directly affect his rights, despite the Court's acknowledgement of his documented limitations and his consistent, record-based request to litigate in writing.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Providing that Plaintiff may participate in any Rule 16 scheduling conference and other pretrial case-management proceedings by written submission in lieu of personal appearance;
2. Waiving any requirement that Plaintiff appear in person, by video, or in other real-time visual formats for such proceedings;
3. To the extent the Court deems some real-time contact indispensable, limiting such contact to brief, audio-only telephonic participation, with written questions provided in advance where reasonably feasible; and
4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 29, 2025

/s/ Roderick Wright

Roderick Wright

6181 Lake Michigan Drive, #103

Allendale, MI 49401

(616) 990-9284

Email: wrightiir@yahoo.com

Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I, Roderick Wright, certify that on December 29, 2025, I filed a true and correct copy of the foregoing MOTION TO PROCEED BY WRITTEN SUBMISSION AND TO WAIVE PERSONAL APPEARANCE AT RULE 16 AND OTHER PRETRIAL PROCEEDINGS using the Court's CM/ECF system, which will send notice of electronic filing to:

Courtney Lynn Nichols
Attorney for Defendant American Speech-Language-Hearing Association
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304

I certify under penalty of perjury that this statement is true and correct.

Dated: December 29, 2025

/s/ Roderick Wright
Roderick Wright
6181 Lake Michigan Drive, #103
Allendale, MI 49401
(616) 990-9284
Email: wrightiir@yahoo.com
Plaintiff, Pro Se