UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

Case No. 1:25-cv-01367

HON. PAUL L. MALONEY

**ORDER REGARDING PLAINTIFF'S MANNER OF PARTICIPATION IN PRETRIAL PROCEEDINGS**

Plaintiff Roderick Wright has filed a Motion to Proceed by Written Submission and to Waive Personal Appearance at Rule 16 and Other Pretrial Proceedings (the "Motion"). The Court previously recognized that Plaintiff "has a documented disability substantially limiting major life activities including concentration and communication in stressful adversarial settings," and that he has requested "communication in writing instead of oral hearings," "extended time to respond," and "the use of plain language in Court notices," and asserts that he is "unable to

participate in live proceedings including video or in-person proceedings" and "seeks permission to litigate this case in writing."

Having considered the Motion and the record, and in the exercise of its case-management authority under Rule 16 of the Federal Rules of Civil Procedure, the Court finds good cause to adjust the manner of Plaintiff's participation in pretrial proceedings.

IT IS HEREBY ORDERED that:

1. Written Participation in Rule 16 and Other Non-Evidentiary Pretrial Proceedings.

Plaintiff may participate in any Rule 16 scheduling conference and other non-evidentiary pretrial case-management matters by written submission in lieu of personal appearance. The Court will accept written responses from Plaintiff addressing the topics ordinarily covered at such conferences (including case status, contemplated motions, discovery needs, and proposed schedules) within deadlines set by the Court.

2. Waiver of In-Person and Video Appearance for Pretrial Proceedings.

For Rule 16 conferences and other pretrial case-management proceedings, Plaintiff is not required to appear in person or by video, and the Court will not require Plaintiff to participate through any real-time visual format.

3. Limited Audio-Only Alternative (If Required).

If the Court determines that some real-time contact with Plaintiff is indispensable for a particular pretrial event, such contact shall be limited to a brief audio-only telephonic appearance. To the extent reasonably practicable, the Court will provide the topics or questions to be addressed during such a telephonic appearance in writing in advance, so that Plaintiff can prepare and participate meaningfully.

4. Case-Specific Deadline Adjustments.

Consistent with the Court's prior Order indicating that Plaintiff may seek additional time as needed, Plaintiff may continue to move for extensions of time on a case-specific basis upon a showing of good cause grounded in his documented limitations affecting concentration and communication.

5. No Substantive Prejudice.

Nothing in this Order alters the substantive rights of any party or the applicable law governing this action. This Order addresses only the manner of Plaintiff's participation in pretrial proceedings so that he can meaningfully access and participate in this case given his documented limitations.

Dated: ____________________________

____________________________________

MAARTEN VERMAAT

United States Magistrate Judge