UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

Roderick Wright,

Plaintiff,

v.

American Speech-Language-Hearing Association,

Defendant.

Case No. 1:25-cv-01367-PLM-MV

Hon. Paul L. Maloney

**EXPEDITED CONSIDERATION REQUESTED**

**PLAINTIFF'S MOTION TO EXPEDITE RULING ON MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Roderick Wright, appearing pro se, respectfully moves the Court to expedite its ruling on his pending Motion for Preliminary Injunction, and states:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) and supporting brief (ECF No. 3) have been fully briefed. Defendant filed its response on January 12, 2026 (ECF No. 38), and Plaintiff filed his reply on January 21, 2026 (ECF No. 42).

2. On January 27, 2026, Plaintiff filed his Notice that Plaintiff's Motion for Preliminary Injunction Is Ripe for Decision and Plaintiff Stands on the Briefs, expressly waiving oral argument and requesting that the Court decide the Motion for Preliminary Injunction on the papers pursuant to LCivR 7.2(d) and Federal Rule of Civil Procedure 78.

3. On February 2, 2026, Plaintiff filed his Notice of Supplemental Authority and Correction of the Record, advising the Court that: (a) ASHA issued its Final Decision in ethics case BE 25-003 on January 20, 2026, affirming a six-month public revocation of Plaintiff's membership and certification; and (b) ASHA has now published that revocation and related ethics sanctions, which are actively impacting Plaintiff's professional licensure and reputation.

4. Thus, the harms described in Plaintiff's Motion for Preliminary Injunction—loss of his CCC, public ethics posting, and resulting damage to employment and licensure prospects—are no longer merely threatened but are occurring and compounding in real time. These harms have been compounding since ASHA's Final Further Consideration Decision in ethics case BE 25-003, which made the six-month public revocation and related disclosures final and certain. At the conclusion of the six-month revocation period, Plaintiff is not automatically restored to his prior status but instead must petition ASHA's Board of Ethics for approval even to seek reinstatement of his membership and certification, further underscoring that the sanction functions as a permanent break in his professional standing rather than a temporary pause. Furthermore, Plaintiff possesses contemporaneous screenshots of every page of his certification application as submitted to ASHA, and ASHA has never identified any specific application field that was allegedly "knowingly false," making ASHA's published accusation that he provided "false data" unsupported by the application record it chose to approve or deny. ASHA's Final Decision and ethics listing identifying Plaintiff by name and location (Allendale, Michigan) are

now publicly available on ASHA-affiliated websites and retrievable through internet searches, further amplifying the reputational harm each day the motion remains under advisement.

5. Given that the Motion for Preliminary Injunction is fully briefed, Plaintiff has waived oral argument, administrative remedies within ASHA are exhausted, and the challenged sanctions are currently in effect, Plaintiff respectfully submits that an expedited ruling is necessary to prevent further irreparable harm pending final resolution of this case. Plaintiff requested Defendant's concurrence in this motion; Defendant did not agree to expedited consideration. By opposing expedited consideration, Defendant effectively ensures that the public revocation and ethics listing—which Plaintiff contends are unsupported by any identified "knowingly false" application field—remain in place and continue to damage Plaintiff's professional standing every day the Motion for Preliminary Injunction remains under advisement.

6. The Court has inherent power to control its docket, including the discretion to expedite proceedings for good cause. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consistent with Federal Rule of Civil Procedure 1, Plaintiff respectfully requests a just and speedy determination of his Motion for Preliminary Injunction so that the ongoing irreparable harm from ASHA's Final Decision and public ethics posting does not continue unchecked.

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Expedite its consideration of Plaintiff's Motion for Preliminary Injunction (ECF No. 2) in light of the ongoing, compounding irreparable harm and documented evidence described above; and

2. Issue a ruling on the Motion for Preliminary Injunction at the Court's earliest opportunity based on the existing papers.

Dated: February 12, 2026

s/ Roderick Wright

Roderick Wright

6181 Lake Michigan Drive, #103

Allendale, MI 49401

(616) 990-9284

Email: **wrightiir@yahoo.com**

Plaintiff, Pro Se