**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODERICK WRIGHT,

Plaintiff,

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

Case No. 1:25-cv-1367
Hon. Paul L. Maloney

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c) AND 30(b)(4)**

---

NOW COMES Defendant American Speech-Language-Hearing Association, by and through its attorneys, Plunkett Cooney, and for its Response to Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c) and 30(b)(4), states:

## I. INTRODUCTION

Plaintiff moves this Court to limit the scope of his deposition testimony both procedurally and substantively. As indicated in the undersigned's e-mails to Plaintiff, Defendant does not object to conducting the deposition of Plaintiff via remote (Zoom) technology. However, Plaintiff seeks to limit the length of the deposition combined with breaks throughout the course of the deposition.

While the undersigned does not anticipate the deposition lasting more than three (3) hours, as this Court is aware, the Federal Rules allow for up to 7 hours to complete a deposition. See Fed. R. Civ. P. 30(d)(1). Given the fact that Plaintiff has requested 15-minute breaks every hour ***and "a brief additional break if symptoms flare,"*** limiting the deposition to a total of 3 hours would essentially equate to approximately 2 hours of actual testimony (or even less depending on the "as needed breaks"). *See* PageID.565. Accordingly, combining Plaintiff's broad request of breaks throughout the course of the deposition, Plaintiff's request would severely limit Defendant's ability to obtain the necessary testimony. Accordingly, this Court should deny Plaintiff's Request for a Protective Order as it relates to limiting the time of the deposition and/or mandatory breaks.[1]

Further, Plaintiff misrepresents the record in regard to limiting the scope of questioning to claims and defenses raised in the First Amended Complaint. At no point in any of Plaintiff's e-mails to the undersigned did he ever indicate or request a "temporal scope limitation." *See* PageID. 562-569. While Plaintiff is ultimately correct that Defendant would not agree to a temporal scope

[1] Defendant notes that it is more than willing to accommodate Plaintiff with breaks throughout the course of the deposition. However, Defendant would only request that any pending question be completely answered before a break.

limitation, at no point during his chain of e-mails to the undersigned did he ever request Defendant's concurrence on this limitation. Substantively, Plaintiff's previous medical history, including his disability, diagnosis, limitations, etc., are all relevant to this matter. Indeed, Plaintiff has alleged that Defendant discriminated against him based on the alleged denial of reasonable accommodation and its failure to engage in the interactive process.

While these allegations are entirely unsupported by the evidence, Defendant anticipates eliciting testimony from Plaintiff regarding his disability and need for accommodations, which would include testimony prior to Plaintiff's 2022 Clinical Fellowship. Accordingly, this Court should deny Plaintiff's request for a Protective Order related to the temporal scope limitation.

## II. ARGUMENT

Under Rule 26(b)(1), parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The burden to show good cause for a protective order against discovery is on the party seeking the protective order. *Jepson, Inc. v. Makita Elec. Works, Ltd.,* 30 F.3d 854, 858 (7th Cir. 1994). It is the moving party's burden to show a "particular need" for protection." Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the

Rule." *Trans Pacific Insurance Co. v. Trans-Pacific Insurance Co.,* 136 F.R.D. 385, 391 (E.D. Pa. 1991).

Plaintiff has not established good cause to require the imposition of a Protective Order by this Court. Indeed, Plaintiff's broad request includes limiting the deposition time to less than half of the time prescribed by the Federal Rules of Civil Procedure, with mandatory 15-minute breaks every hour and "as needed" breaks. While Defendant does not seek to diminish Plaintiff's disability and resulting limitations, Plaintiff has not presented any concrete examples or substantive evidence that without these requested protections, he cannot complete the deposition. Indeed, as this Court is aware, this is not Plaintiff's first request to attempt to limit the proceedings in this matter. Plaintiff has already requested "written-only" proceedings, which was denied by this Court. *See ECF No. 35,* PageID.383-384. Defendant is willing to work with Plaintiff throughout his deposition, including taking breaks, but limiting the time of the deposition combined with mandatory breaks would severely limit Defendant's ability to obtain the necessary testimony.

Further, as it relates to Plaintiff's temporal scope limitation, given the broad nature of Plaintiff's request, he has not shown good cause for limiting the deposition. Plaintiff has alleged that Defendant discriminated against him based on his disability, including failing to provide reasonable accommodations

and engage in the interactive process. While these allegations are entirely unsupported, Plaintiff's medical history, including his disability and limitations (prior to the 2022 CF experience) are all relevant to the claims at issue in this matter.

## III. CONCLUSION

Defendant respectfully requests that this Court deny Plaintiff's Request for a Protective Order as it relates to limiting the time of the deposition, mandatory breaks and the temporal scope limitation.

PLUNKETT COONEY

By: /s/ *Joshua J. Trombley*
Joshua J. Trombley (P78858)
Attorneys for Defendant
333 Bridge Street, NW, Suite 530
Grand Rapids, MI 49504
(616) 752-4617
jtrombley@plunkettcooney.com

Dated: March 5, 2026

**PROOF OF SERVICE**

The undersigned certifies that on March 5, 2026, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Email ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

/s/ *Darla K. Korhorn*
Darla K. Korhorn