UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

          Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-
HEARING ASSOCIATION,

          Defendant.

_____/

Case No. 1:25-cv-01367

Hon.  Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Roderick Wright filed a Motion for Preliminary Injunction and Temporary Restraining Order (TRO).  ECF No. 2.  The Court denied the motion for TRO and referred the motion for preliminary examination to the undersigned for a Report and Recommendation.  ECF Nos. 10 and 11.  A second motion for a TRO was denied on December 5, 2025.  ECF No. 20 (order denying ECF No. 17).  Plaintiff also filed a motion to expedite ruling on his motion for a preliminary injunction.  ECF No. 47.

Wright sues Defendant American Speech-Language-Hearing Association (ASHA) for rendering an ethics decision concluding that he had misrepresented his application for certification.  ASHA found that Plaintiff misrepresented his clinical experience and found that Plaintiff did not meet the requirements necessary for a Certificate of Clinical Competence (CCC).  As a result of that finding, the ASHA revoked Wright's membership and certification for six months.  Wright says the decision became final on January 20, 2026, and ASHA published that revocation,

which is "actively impacting Plaintiff's professional licensure and reputation." *Id.*, PageID.513.

Plaintiff's complaint alleges, in Count I, that Defendant violated his rights under the Americans with Disabilities Act (ADA) by failing to make "reasonable modifications to policies, practices, or procedures . . . to afford Plaintiff equal access to its services, and failed to engage in the interactive process." ECF No. 1, PageID.4. More specifically, Plaintiff alleges that on September 3, 2025, ASHA Ethics Officer Katharine Meyer emailed him that she was in "receipt of Plaintiff's ADA accommodation package." *Id.* Plaintiff says that "ASHA attempted to reframe the ADA request as part of its internal ethics process" and that they were working with Plaintiff's attorneys. *Id.* However, Plaintiff says that his "attorneys were not handling the ADA portion" because Plaintiff had initiated the request. *Id.* Plaintiff says that ASHA did not "engage in the required interactive process directly with" him. *Id.*

Plaintiff alleges, in Count II, that Section 504 of the Rehabilitation Act was violated when ASHA refused to provide reasonable accommodation and proceeded with disciplinary actions without addressing his disability needs. *Id.*, PageID.5. In Count III, Plaintiff alleges a denial of fair procedures, and in Count IV, Plaintiff alleges retaliation after he filed a harassment complaint against ASHA staff in October of 2023, and for requesting ADA accommodations in July of 2025. Plaintiff says that the ethics proceeding was initiated after he engaged in protected activities. *Id.*, PageID.5-6.

Plaintiff requests that the Court enter a Preliminary Injunction preventing Defendant from "enforcing, publishing, or otherwise implementing any revocation of the Plaintiff's CCC credential, and from withholding or denying renewal of said credential pending further order of the Court, and such other relief as the Court deems just and proper." *Id.*, PageID.86.

Preliminary injunctions are "one of the most drastic tools in the arsenal of judicial remedies." *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.*

These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Initially, Plaintiff must show a strong or substantial likelihood of success on the merits of his complaint. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). At this stage of the lawsuit, Plaintiff has not attempted to establish a violation of the ADA, the Rehabilitation Act, or to show that he was retaliated against. Plaintiff has presented the conclusion that his rights were violated but has not presented any legal or viable factual argument as to how Defendants violated the ADA, the Rehabilitation Act, or took retaliatory action. Plaintiff argues that ASHA made an improper finding that he did not begin clinical experience in 2022. ASHA argues that the facts support the conclusion made during the ethical determination. It is possible that Plaintiff is correct and ASHA made the wrong determination, but that alone does not show that Plaintiff was discriminated against or retaliated against. In the opinion of the undersigned, Plaintiff has not presented facts establishing a strong or substantial likelihood of success on his discrimination claims or his retaliation claim.

Plaintiff argues that ASHA failed to accommodate him during the ethical proceedings. During the proceeding, Plaintiff made a request for accommodation due to Post-Traumatic Stress Disorder. ECF No. 1-9. Plaintiff requested:

- Modifications to communication methods,

- Extensions or modifications of deadlines,

- Any additional assistance necessary to ensure a fair and accessible process.

Additionally, I request detailed information and supporting documentation regarding the basis for ASHA's initial determination—specifically the allegations relating to the teletherapy hours percentage. The Initial Determination provides no evidence or explanation to support its claims, severely impacting my ability to prepare an adequate response.

**As a reasonable accommodation, I request:**

1. A detailed explanation and all supporting documentation used to form the teletherapy hours allegation.

2. An explanation and documentation addressing why ASHA records reflect a CF start date of 2023, when I have already submitted clear, verifiable evidence demonstrating my CF began in 2022.

*Id.*, PageID.40-41.

ASHA responded to that request by emailing Plaintiff's attorney with a notification that the requested accommodation was approved.  The email stated in part:

Accordingly, Mr. Wright's accommodation request is **approved**. This means that:

- All FCH communications will be conducted in writing.
- Mr. Wright is invited to provide a written FCH statement in place of an in-person

000026 (R. Wright)

presentation.
- The BOE's questions for Mr. Wright are attached to this correspondence. He may submit his written responses to these questions with his written FCH statement.
- Mr. Wright may include any supporting materials he wants the BOE to consider.

As set forth above, to ensure a complete review, we request that Mr. Wright respond to the **seven (7) additional questions** in his written submission. His responses should be as detailed as possible and may include relevant documents, evidence, or statements.

In addition, the BOE will grant Mr. Wright **60 days** to submit the written FCH statement and the responses. This will provide adequate time to prepare these materials. The new submission deadline is **Friday, October 17, 2025.**

ECF No. 38-7, PageID.438-439.

Plaintiff has not shown how his requested accommodation was not met by ASHA or how ASHA failed to engage in the interactive process with Plaintiff and his counsel.  Plaintiff argues that ASHA delayed the proceedings, and that ASHA violated his rights by contacting his attorneys instead of directly contacting him.  ECF No. 42, PageID.459-460.  Plaintiff does not explain why ASHA should not have contacted his attorneys or why ASHA should have bypassed Plaintiff's attorneys and contacted him directly.  In the opinion of the undersigned, Plaintiff has failed to show a strong or substantial likelihood of success on his discrimination and retaliations claims.

Second, the presence of irreparable harm is not evident.  Plaintiff says that the publication of his six-month suspension has caused him irreparable harm to his career and reputation.  Generally, however, a plaintiff's harm from the denial of a preliminary injunction is irreparable only if it is not fully compensable by monetary damages.  *Overstreet*, 305 F.3d at 578.  "The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay."  *Id*. at 579.  In the opinion of the undersigned, Plaintiff has not set forth specific facts showing immediate, concrete and irreparable harm in the absence of an injunction.

Finally, Defendant argues that issuance of an injunction is not in the public interest and would cause substantial harm to others.  Defendant argues that because Plaintiff did not have the required clinical fellowship experience necessary to obtain a Certificate of Clinical Competence, granting an injunction to someone who did not complete certification requirements would misrepresent Plaintiff's experience to the public and prospective employers may rely upon the false certification.  The undersigned agrees with this point.

Accordingly, in the opinion of the undesigned, the factors balance against the issuance of preliminary injunctive relief, and because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a preliminary injunction be denied.  It is further recommended that the Court deny Plaintiff's motion to expedite the ruling.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Maarten Vermaat*
Maarten Vermaat
U.S. Magistrate Judge

Dated:  March 10, 2026