UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE
-HEARING ASSOCIATION,

Defendant.
_______________________________/

Case No. 1:25-cv-01367

Hon. Paul L. Maloney
U.S. District Judge

ORDER

This Order addresses Plaintiff Roderick Wright's motion for a protective order. ECF No. 52. Wright says that his mental health disability impacts his ability to process information, maintain concentration, handle stress, and can cause him to experiences episodes of "blanking out." *Id.*, PageID.558. He says that he has difficulty "managing complex-real-time communication." *Id.* Wright seeks to limit his deposition as follows: (1) to three hours; (2) with mandatory 15-minute breaks after 60 minutes of testimony; (3) in a remote setting; and (4) that the scope of questions be limited to claims raised in the First Amended complaint and not to matters that predate the 2022 Clinical Fellowship. *Id.*, PageID.559-560.

Parties may obtain discovery on any nonprivileged matter that is relevant and proportional to the needs of the case. Federal Rule of Civil Procedure 26(b)(1). Under Rule 26(c)(1) a party may move for a protective order relating to a deposition that includes "forbidding the disclosure or discovery", Rule 26(c)(1)(A); " specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery",

Rule 26(c)(1)(B); "prescribing a discovery method other than the one selected by the party seeking discovery", Rule 26(c)(1)(C); or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters", Rule 26(c)(1)(D).

Plaintiff has indicated that his video deposition is currently scheduled for March 31, 2026, at 9:00 a.m. Plaintiff says that he informed Defense counsel that he "has a hard stop at 1:00 p.m." ECF No. 52, PageID.558.

Defense counsel has agreed to take Plaintiff's deposition remotely over Zoom. Defense counsel argues that limiting Plaintiff's testimony to 3 hours with 15-minute breaks every hour might severely limit Defendant's ability to obtain necessary testimony. Nevertheless, Defense counsel indicates a willingness to provide breaks to accommodate Plaintiff during the deposition. ECF No. 53, PageID.575. Defense counsel only requests that Plaintiff complete the entire answer to a question before he asks for a break. Moreover, Defense counsel has informed Plaintiff that he does not anticipate the deposition will last more than 3 hours." ECF No. 52, PageID.563. The Court acknowledges that 3 hours is not a time limit, but counsel's estimation.

This is a matter that the Plaintiff and Defense counsel should be able to work out without Court intervention, and the Court encourages them to do so.

Accordingly, Plaintiff's motion for a protective order is respectfully DENIED.

**IT IS SO ORDERED**

Dated: March 10, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE