ATTACHMENT I

# Re: Enclosed: Email from ASHA

From: Charlotte Kurzweil (charlotte@jacksonllp.com)

To: wrightiir@yahoo.com

Cc: connor@jacksonllp.com

Date: Wednesday, September 10, 2025 at 05:13 PM EDT

Hi Rod,

Confirming receipt. We'll proceed with preparing the written brief and be in touch.

Sincerely,
Charlotte

--

Charlotte Kurzweil

Attorney
Jackson LLP Healthcare Lawyers

Direct: (847) 440-5028
Email: Charlotte@JacksonLLP.com
Web: JacksonLLP.com

Our Offices & Team

CONFIDENTIALITY: The information in this message and any attachments is confidential and may be privileged. If you have received this email in error, please delete it immediately and notify the sender by email.

> On Fri, Sep 5, 2025 at 1:40 PM Roderick Wright <wrightiir@yahoo.com> wrote:
>
> > Hi Charlotte,
> >
> > Thank you for confirming. I want to be absolutely clear about how I see the responses shaping up so there is no misunderstanding.

- **Q1 (current license) and Q2 (current employment):** These are not relevant to BE 25-003. My licensure status and current job have no bearing on whether I misrepresented my CF start date. I will not be answering them.

- **Q3 (Stevenson's remarks):**
  The only Clinical Fellowship application I ever submitted and paid for was my 2024 application. The 2022 record ASHA has referenced was never submitted, never paid for, and ASHA's own system flagged it as invalid with the notation: *"packet cannot be generated; affiliation status invalid/no paid invoice year for card."* That entry represents nothing more than an abandoned draft. It is improper and prejudicial for ASHA to rely on an incomplete, invalid, and unpaid draft application in an ethics proceeding. Any comments entered by a temporary mentor on that draft cannot carry evidentiary weight, because the application was canceled before review, no packet was generated, and it had no legal or procedural effect. To treat such incomplete paperwork as evidence would create an unfair precedent, as it would allow ASHA to dredge up discarded drafts against any member, contrary to due process and fairness.

  In addition, Ms. Stevenson did not have full visibility into my activities. Like all CF mentors, she was not privy to every indirect activity I completed, such as trainings, preparation, or review of records. Fellows are not required to report every individual indirect task, and it is normal for mentors to only see a portion of the fellow's work. Her comments therefore cannot be treated as a complete or accurate account of my Clinical Fellowship activities.

- **Q4 (Gallagher emails / reapplication in 2024):** My CF began in October 2022, confirmed contemporaneously by ASHA staff and certified mentors. Gallagher's later attempts to redefine my start date contradicted ASHA's own published standards and were the subject of my harassment complaint. My reapplication in 2024 reflected my true 2022 start.

- **Q5 (Johannes conversation):** I told my permanent mentor, Rachel Johannes, that my CF experience began in October 2022, consistent with my employment offer, CFY plan, and confirmations.

- **Q6 (showing Gallagher's emails to Johannes):** No, I did not. Those emails were part of my harassment complaint against Gallagher, and I instead relied on official documentation and mentor confirmations establishing my October 2022 start date.

- **Q7 (Code of Ethics):** No, I have not violated the ASHA Code of Ethics. My CF was completed in compliance with ASHA's standards for CFs starting prior to December 31, 2022. My certification application accurately reflected my experience, and I did not knowingly misrepresent anything.

To summarize:

- Q1 and Q2: irrelevant and declined.

- Q3: invalid application argument plus clarification that Stevenson lacked visibility into my indirect activities.

- Q4–Q7: responses as above.

On the **ADA side:** I will continue to handle that directly. ASHA's choice to send Kathy Meyer's Sept. 2 email only to

you and Connor — not to me — is itself part of the ADA violation and will be addressed in federal court.

I have put extensive work into this already, and I am not going to bend on these points. I also recognize that ASHA gave me a 60-day extension, which I believe runs into the latter part of October, so there is time to prepare this brief carefully. Please proceed with the ethics written brief on this framework.

Sincerely,

Rod

On Friday, September 5, 2025 at 12:34:14 PM EDT, Charlotte Kurzweil <charlotte@jacksonllp.com> wrote:

Hi Rod,

Confirming receipt. We understand your frustration with ASHA's line of questioning, particularly relating to information they already have.

Although we agree that you are within your rights to engage with ASHA directly, it may be best if we take point on it and engage with ASHA on your behalf. This will allow us to provide our perspective on what information is most likely to support your case before it is provided to ASHA.

Our understanding is that we are preparing the supporting written brief, which will ultimately include any answers to ASHA's questions you wish to provide. Would you still like us to do so?

Sincerely,

Charlotte

On Wed, Sep 3, 2025 at 2:00 PM Roderick Wright <wrightiir@yahoo.com> wrote:

**Subject:** ASHA Email from K. Meyer

Hi Charlotte,

Thank you for forwarding Meyer's September 2 email. I don't see the need for a call on this — the ADA interactive process is something I initiated directly with ASHA, and it remains between me and them. If they don't want to comply with their obligations under the ADA, that's on them.

For your awareness, here is what this letter shows:

1. **Fishing for irrelevant info:** They press for my current employer and duties (Q1/Q2), despite admitting they already know my licensure. This has no bearing on BE 25-003.

2. **Hostility toward ADA rights:** They call my concerns about delay "ridiculous" and rewrite the timeline in their favor, which is not a good-faith interactive process.

3. **Refusal to provide evidence:** They deny access to the underlying telepractice/start-date materials, blocking me from meaningful participation — a due process violation.

4. **Cutting me out:** They state they will no longer respond to me directly. My ADA request was made by me, and the law requires ASHA to engage with me, not just through counsel.

This letter will go into my federal court filing packet as a key exhibit. My preparation is already in place:

- **JS-44 Civil Cover Sheet**
- **Complaint** (ADA, §504, due process counts)

- **TRO Motion & Brief**
- **Preliminary Injunction Motion & Brief**
- **ADA Accommodation Motion**
- **Proposed Orders**

Meyer's email only strengthens the record I will be bringing into court.

Rodney

On Wednesday, September 3, 2025 at 12:43:41 PM EDT, Charlotte Kurzweil <charlotte@jacksonllp.com> wrote:

Hi Rod,

We hope you are well. We recently received the email enclosed below from ASHA. We are happy to discuss it on a call, which you can schedule here. We have not responded to it.

Sincerely,
Charlotte

--

Charlotte Kurzweil

Attorney
Jackson LLP Healthcare Lawyers

Direct: (847) 440-5028
Email: Charlotte@JacksonLLP.com
Web: JacksonLLP.com

Our Offices & Team

CONFIDENTIALITY: The information in this message and any attachments is confidential and may be privileged. If you have received this email in error, please delete it immediately and notify the sender by email.

--

Charlotte Kurzweil

Attorney
Jackson LLP Healthcare Lawyers

Direct: (847) 440-5028
Email: Charlotte@JacksonLLP.com
Web: JacksonLLP.com

Our Offices & Team

CONFIDENTIALITY: The information in this message and any attachments is confidential and may be privileged. If you have received this email in error, please delete it immediately and notify the sender by email.