UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK WRIGHT,                        )
                    Plaintiff,          )
                                        )        No. 1:25-cv-1367
-v-                                     )
                                        )        Honorable Paul L. Maloney
AMERICAN SPEECH-LANGUAGE-HEARING        )
ASSOCIATION,                            )
                    Defendant.          )
_____    )

## ORDER DENYING OBJECTION
## AND
## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Roderick Wright, proceeding without the assistance of counsel, filed a motion for a temporary restraining order and for a preliminary injunction (ECF No. 2).  The court denied the request for a temporary restraining order and referred the remainder of the request to the Magistrate Judge.  Plaintiff has since filed a motion to expedite ruling on his motion (ECF No. 47). The Magistrate Judge issued a report recommending the court deny Plaintiff's request for a preliminary injunction and the motion to expedite (ECF No. 55). Plaintiff filed objections (ECF No. 61).  The court will adopt the report and recommendations and will deny Plaintiff's motion for a preliminary injunction.

Plaintiff also filed a motion for a protective order (ECF No. 52), which the Magistrate Judge denied (ECF No. 56).  Plaintiff objects to the order denying his motion for a protective order (ECF No. 61).

A.  ECF No. 52  and ECF No. 56 - Motion for a Protective Order

Defendant American Speech-Language-Hearing Association (ASHA) sought to depose Plaintiff.  Plaintiff suffers from disabilities and requested that any deposition be conducted remotely, limited to three hours, and that he be allowed a fifteen-minute break every hour with additional breaks as necessary (ECF No. 52-1 PageID.565). Plaintiff provided dates for the deposition.  Plaintiff indicated he was available on March 29 through April 4, 2026.  He also informed Defendant that he had a "hard stop" at 1:00 p.m. on March 30, March 31, and April 2.

Defense counsel responded.  Counsel did not expect the deposition to last more than three hours (ECF No. 52-1 PageID.564).  Counsel, however, declined to agree to limit the deposition to three hours.  Counsel also declined to agree to allow breaks as needed. Defendant noticed the deposition for March 31 at 9:00 a.m.

In his motion for a protective order, Plaintiff seeks to enforce his requested accommodations or, alternatively, have the deposition occur on April 1 or April 3.  The Magistrate Judge denied the motion and encouraged the parties to try to resolve the matter without court intervention.  Plaintiff objects.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned.  Fed. R. Civ. P. 72(a).  Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*  Under this standard, factual findings are reviewed under the clearly erroneous standard and matters of law are reviewed de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).  A "foremost principle"

of this standard "is that a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  An order is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (citation omitted).

Plaintiff has not established that the Magistrate Judge's order relies on an erroneous fact or is contrary to law.  Plaintiff expresses concern that Defense counsel will not limit the deposition to three hours.  Plaintiff has made defense counsel aware of the need to end deposition by 1:00 p.m.  Defense counsel has also been made aware of Plaintiff's desire to limit the deposition to three hours and his need for breaks.  With knowledge of the 1:00 p.m. deadline and Plaintiff's requested accommodations, defense counsel noticed the deposition for March 31.  At this point, the court must assume defense counsel intends to honor Plaintiff's request.  Plaintiff has not established otherwise.  Should problems arise during or after the deposition, the court would entertain an appropriate motion.

B.  ECF No. 2, ECF No. 47 and ECF No. 55 – Motion for a Preliminary Injunction

Plaintiff requests a preliminary injunction that would enjoin Defendant from publishing or otherwise disclosing any disciplinary action against Plaintiff during the course of this lawsuit.

The Magistrate Judge concludes that Plaintiff makes conclusory allegations but did not sufficiently support his claim that Defendant violated the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), or took any retaliatory action.  The Magistrate Judge

further concludes that Plaintiff has not established that Defendant failed to provide requested accommodations or failed to engage in the interactive process.  Finally, the Magistrate Judge concludes that Plaintiff did not demonstrate an irreparable harm without the injunction. Plaintiff objects.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff has not specifically objected to critical findings and recommendations.  First, Plaintiff does not specifically address or object to the Magistrate Judge's conclusion that Plaintiff's evidence does not show how Defendant failed to provide the requested accommodations.  As noted by the Magistrate Judge, Plaintiff requested accommodations and Defendant agreed to those accommodations.  To the extent Plaintiff argued otherwise in his motion, the evidence does not support his assertion.  Second, Plaintiff does not specifically address or object to the Magistrate Judge's conclusion that Plaintiff has not supported his allegation that Defendant failed to engage in the interactive process.  Plaintiff's assertion that Defendant interacted with Plaintiff's counsel does not meet Plaintiff's burden here.  Plaintiff alleges counsel represented him for the ethics dispute while he represented himself for the ADA accommodations.  It follows then that Defendant needed to interact

with Plaintiff's counsel.  Again, Plaintiff has not established that Defendant failed to provide any requested accommodations.

Third, most of Plaintiff's objection addresses the merits of Defendant's decision concerning the ethics charge.  Plaintiff identifies multiple potential problems and alleged errors.  But the Magistrate Judge concluded that evidence of a wrong decision in the ethics charge does not, by itself, establish that Plaintiff was discriminated against or retaliated against.  Plaintiff does not specifically address this conclusion or object to this conclusion. Plaintiff simply has not connected the alleged discrimination (failure to make reasonable accommodations and failure to engage in the interactive process) and retaliation with his allegations that Defendant made errors in its resolution of the ethics charge.  Plaintiff's lack of evidence to support his discrimination and retaliation claims provides a sufficient basis to deny the motion for injunctive relief.  *See Higuchi Int'l Corp. v. Autoliv ASP, Inc.,* 103 F.4th 400, 409 (6th Cir. 2024) (noting that likelihood of success on the merits is the most important factor in the preliminary injunction analysis).

Finally, Plaintiff has not established that the Magistrate Judge erred in finding a lack of irreparable harm.  Plaintiff points to the outcome of the ethics charge as damage to his reputation.   But that assumes that Plaintiff has connected the ethics charge to his discrimination and retaliation claims, which he hasn't.  Plaintiff can be compensated for the alleged discrimination and retaliation if he can prove those allegations.

Plaintiff does not address the Magistrate Judge's recommendation that the motion to expedite should be denied.  The R&R and this order render the motion to expedite moot.

For these reasons, the court **DENIES** Plaintiff's objections (ECF No. 61) to the Magistrate Judge's order (ECF No. 52) and OVERRULES Plaintiff's objections (ECF No. 61) to the Magistrate Judge's Report and Recommendation (ECF No. 55).  The court **ADOPTS** the report and recommendation (ECF No. 55) and **DENIES** the motion for a preliminary injunction (ECF No. 2).  The court **DENIES** Plaintiff's motion to expedite (ECF No. 47).  **IT IS SO ORDERED.**

Date:    April 6, 2026                                              /s/  Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge