**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODERICK WRIGHT,

Plaintiff,

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

Case No. 1:25-cv-1367
Hon. Paul L. Maloney

---

# DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

---

NOW COMES Defendant, American Speech Language Hearing Association (hereinafter "ASHA") by and through its attorneys, Plunkett Cooney, and in response to Plaintiff's First Set of Requests for Admission state as follows:

REQUEST FOR ADMISSION NO. 1

Admit that Plaintiff's April 13, 2024 CCC application listed October 17, 2022, as the start date of his Clinical Fellowship.

**RESPONSE: Admitted.**

REQUEST FOR ADMISSION NO. 2

Admit that ASHA awarded Plaintiff the Certificate of Clinical Competence in

Speech-Language Pathology (CCC-SLP) on or about June 25, 2024, based on that April 13, 2024 application.

**RESPONSE: Admitted based on the inaccurate CF start date that was later corrected by Plaintiff's mentor, Rachel Johannes.**

REQUEST FOR ADMISSION NO. 3

Admit that ASHA's 2022 telepractice transition guidance states that Clinical Fellows who initiated their Clinical Fellowship experience on or before December 31, 2022, may follow the COVID-19 telepractice allowances for the entirety of their Clinical Fellowship experience.

**RESPONSE: Admitted when all submitted components of the Clinical Fellowship are met and verified by the proper CF mentor using the CF Mentor Verification Form.**

REQUEST FOR ADMISSION NO. 4

Admit that ASHA's written standards in effect during 2022–2023 do not state that a Clinical Fellowship "start date" requires that the Clinical Fellow has already provided direct client services, as opposed to beginning mentored professional work after licensure.

**RESPONSE: Admitted when all submitted components of the Clinical Fellowship are met and verified by the proper CF mentor using the CF Mentor Verification Form.**

REQUEST FOR ADMISSION NO. 5

Admit that ASHA contends Plaintiff's April 13, 2024, CCC application was "false" or "incorrect" because of the Clinical Fellowship start date he reported, and not because of any other field in the application.

**RESPONSE: Admitted, due to the stated start date under the mentorship of Rachel Johannes.**

REQUEST FOR ADMISSION NO. 6

Admit that, before initiating Ethics Complaint BE 25-003 concerning Plaintiff, ASHA had at least one document in its possession showing that Plaintiff's Clinical Fellowship plan in New Mexico was signed and filed in 2022.

**RESPONSE: Objection, this Request is vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence, as ASHA does not require or accept CF "plans."**

REQUEST FOR ADMISSION NO. 7

Admit that at the time ASHA asserted Plaintiff's employment "ended before he started his placement," ASHA's internal investigative file contained no written confirmation from The Stepping Stones Group stating that Plaintiff never performed orientation or training activities.

**RESPONSE: Admitted.**

REQUEST FOR ADMISSION NO. 8

Admit that the supplemental materials provided to the ASHA Board of Ethics in Ethics Complaint BE 25-003 contained only a partial version of the 2022 email chain between Plaintiff and Victoria Hanawalt concerning Plaintiff's Clinical Fellowship start date, and did not include the complete, unredacted email chain.

**RESPONSE: Defendant admits only that the emails contained within its previously produced claim file materials are the only emails in its possession related to Ms. Hanawalt.**

REQUEST FOR ADMISSION NO. 9

Admit that, at the time ASHA or its representatives first asserted that Plaintiff's Clinical Fellowship "began in 2023," ASHA had in its possession at least one 2022 email or other document reflecting that Plaintiff had been informed or confirmed that his Clinical Fellowship experience began before December 31, 2022.

**RESPONSE: Denied.**

REQUEST FOR ADMISSION NO. 10

Admit that ASHA has no written policy in effect during 2022 that required ASHA staff to disregard a state-approved 2022 Clinical Fellowship plan when determining the "start date" of a Clinical Fellowship for CCC application or ethics purposes.

**RESPONSE: Objection, this Request is vague and ambiguous as the Certificate of Clinical Competence requirements is governed by ASHA's Certification**

**Requirements and not by state regulations. Without waiving said Objection and as Defendant understands this Request, denied.**

REQUEST FOR ADMISSION NO. 11

Admit that ASHA possesses no written communication from Plaintiff, or from any representative of The Stepping Stones Group, stating that Plaintiff’s 2022 Clinical Fellowship was “cancelled.”

**RESPONSE: Denied.**

REQUEST FOR ADMISSION NO. 12

Admit that the body of Plaintiff’s December 7, 2023, email (Subject: "Cancel my membership!") does not contain the word "Fellowship," the word "CF," or the phrase "Clinical Fellowship."

**RESPONSE: Defendant admits that on December 4, 2023, it emailed Plaintiff confirming that he was closing his CCC-SLP application. On December 7, 2023, Plaintiff responded to said email indicating that he wanted to cancel his membership.**

REQUEST FOR ADMISSION NO. 13

Admit that the Plaintiff’s December 7, 2023, email (Subject: "Cancel my membership!") requested that ASHA "cancel my paid dues/fees" and "membership account" and did not state that he was cancelling, withdrawing, or terminating his Clinical Fellowship or his eligibility to apply for the CCC-SLP.

**RESPONSE: Defendant admits that on December 4, 2023, it emailed Plaintiff confirming that he was closing his CCC-SLP application. On December 7, 2023, Plaintiff responded to said email indicating that he wanted to cancel his membership.**

REQUEST FOR ADMISSION NO. 14

Admit that ASHA possesses no written documentation from Albuquerque Public Schools or The Stepping Stones Group stating that Plaintiff's 2022 orientation and professional training did not occur.

**RESPONSE: Admitted.**

REQUEST FOR ADMISSION NO. 15

Admit that under ASHA's governing documents, an individual may apply for and hold the CCC-SLP as a certificate holder only or certified non-member without maintaining active ASHA membership, so long as the individual meets certification and renewal requirements.

**RESPONSE: Admitted.**

REQUEST FOR ADMISSION NO. 16

Admit that Katherine Meyer, acting on behalf of ASHA, filed Complaint # SAH-2026-00168-INC against the Plaintiff with the New Mexico Board of Speech-Language Pathology, Audiology and Hearing Aid Dispensing on or about February 18, 2026

**RESPONSE: Objection, this Request is vague and ambiguous as Defendant/Katherine Meyer did not file a "Complaint" against Plaintiff with the New Mexico Board of Speech-Language Pathology, Audiology and Hearing Aid Dispensing. Without waiving said Objection, denied.**

REQUEST FOR ADMISSION NO. 17

Admit that on November 23, 2022, Plaintiff was issued a valid Clinical Fellow license (No. SLPCF22006) by the State of New Mexico Regulation and Licensing Department.

**RESPONSE: Objection, this Request is vague and ambiguous as ASHA does not possess or track state licensure information. Without waiving said Objection, Defendant states that it is not in possession of this information and cannot admit or deny said Request.**

PLUNKETT COONEY

By: /s/*Joshua J. Trombley*

Joshua J. Trombley (P78858)
Attorneys for Defendant
333 Bridge Street, NW, Suite 530
Grand Rapids, MI 49504
(616) 752-4617
jtrombley@plunkettcooney.com

Dated: April 30, 2026