UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,

Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.
_____________________________/

Case No. 1:25-cv-01367

Hon. Paul L. Maloney
U.S. District Judge

**ORDER**

This Order addresses Plaintiff's motion to compel discovery. ECF No. 70. Wright sues Defendant American Speech-Language-Hearing Association (ASHA) for rendering an ethics decision concluding that he had misrepresented his application for certification. ASHA found that Plaintiff misrepresented his clinical experience and found that Plaintiff did not meet the requirements necessary for a Certificate of Clinical Competence (CCC). As a result of that finding, the ASHA revoked Wright's membership and certification for six months.

Plaintiff argues that Defendant failed to produce all electronically stored information that responds to his discovery requests. Plaintiff's discovery request and Defendant's response to that request are not part of the record. Rather, the parties have attached to their respective brief email correspondence concerning their discovery requests.

Plaintiff asserts that he requires metadata for documents prepared by Defendant employees, native system audit logs, and the document referenced by

Daneille Osmelak concerning the following statement: "I wrote up BE 25-003 (& it's on the drive) & it's a beast." ECF No. 70-5, PageID.753. Plaintiff further moves for Defendant to provide "a compliant privilege log." ECF No. 70, PageID.732. Defendant has responded by stating that Plaintiff has already received significant responsive discovery that provides him with all the information that he seeks and that requiring further discovery of metadata is burdensome, overreaching, and nothing more than a "fishing expedition."

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The scope also falls within the broad discretion of the trial court. *Id.* "Discovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims, and the court retains final discretion to determine whether a discovery request is broad or oppressive." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016) (quoting *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

The trial court is empowered to prevent discovery that falls outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Discovery may be denied if: (i) it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the requesting party has already had ample opportunity to obtain it; or, (iii) it falls outside the scope of discovery set forth in Rule 26(b)(1). *Id.*

Generally, the party seeking discovery is obliged to demonstrate relevance. *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-CV-14099, 2017 WL 168159, at *4 (E.D. Mich. Jan. 17, 2017); *Staggs v. Panda Express, Inc.*, No. 3:24-CV-00010, 2024 WL 4509101, at *2 (M.D. Tenn. Oct. 16, 2024). When the information sought appears to be relevant, "the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case," *Allgood v Baptist Mem'l Med. Grp., Inc.*, No. 19-2323-JTF-tmp, 2020 WL 86455, at *1 (W.D. Tenn. Jan. 7, 2020) (citation omitted), or to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015). Otherwise, the party opposing production generally bears the burden of establishing that the discovery sought falls beyond the purview of Rule 26. *See Shropshire v. Laidlaw Transit, Inc.*, No. CIV A 06–10682, 2006 WL 6323288, *2 (E.D. Mich. Aug. 1, 2006) ("The party who resists discovery has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.").

Fed. R. Civ. P. 34(b)(2)(E) provides that a party must produce electronically stored information "as they are kept in the usual course of business." Rule 34(b)(2)(E)(i). A party "need not produce the same electronically stored information in more than one form." Rule 34(b)(2)(E)(iii).

Plaintiff says that he requires electronically stored information to confirm the dates that Defendant employees produced the responsive documents concerning his certification application and when decisions were made by Defendant's staff. Defendant asserts that this information has been provided to Plaintiff.

Defendant produced the Osmelak email referencing the internal write-up and 17 different versions of the "Write-up" along with the author's name and the modification date and time. ECF Nos. 76-1 (email to Plaintiff dated April 14, 2026) and 76-2. This information provides Plaintiff with a timeline of when the document was modified and who modified the document. This is the same information Plaintiff says he needs from metadata to confirm the history of the document. However, Defendant is not required to provide multiple responses to a discovery request. Plaintiff has received the information that he requested. Further, Defendant has provided Plaintiff with system audit logs and "pop-up" notes, ECF Nos. 76-1 and 76-3, audit and system logs for Plaintiff's application materials, and a PDF version of the Board meeting minutes, ECF Nos. 76-1 and 76-4 (email to Wright dated April 23, 2026).

Much of the requested information, including a privilege log, was provided to Plaintiff after Plaintiff filed his motion to compel on April 13, 2026. Regarding the

privilege log, the Federal Rules of Civil Procedure require a party who is withholding responsive materials based on a privilege to identify those materials in a manner that complies with Rule 26(b)(5). Therefore, no further order is required. However, both parties are required to comply with Rule 26(b)(5).

Accordingly, no further response is required by Defendant. Plaintiff's motion to compel is respectfully DENIED.

**IT IS SO ORDERED**

Dated: May 7, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE