# EXHIBIT B

## ICH DECISION WITH PROPOSED ICH SANCTION

## INITIAL DETERMINATION

**Ethics Complaint Number:** BE 25-003

**RESPONDENT:** Roderick Wright, CCC-SLP

**FINDING:** At its June 2025 meeting, the Board of Ethics found Roderick Wright, a non-member certified in speech-language pathology (the "Respondent"), in violation of the American Speech-Language-Hearing Association's *Code of Ethics* (2023) as follows:

*Principle of Ethics II*: Individuals shall honor their responsibility to achieve and maintain the highest level of professional competence and performance.

*Principle of Ethics II*, *Rule B*: ASHA members who do not hold the Certificate of Clinical Competence may not engage in the provision of clinical services; however, individuals who are in the certification application process may provide clinical services consistent with current local and state laws and regulations and with ASHA certification requirements.

> *Rationale:* The Respondent violated *Principle of Ethics II*, and the following subpart of *Principle II, Rule B*: ". . . [I]ndividuals who are in the certification application process may provide clinical services consistent with . . . ASHA certification requirements," as evidenced by the Respondent exceeding the 25% telepractice limit of direct client contact hours during the application process.

*Principle of Ethics IV:* Individuals shall uphold the dignity and autonomy of the professions, maintain collaborative and harmonious interprofessional and intraprofessional relationships, and accept the professions' self- imposed standards.

*Principle of Ethics IV, Rule E:* Individuals shall not engage in dishonesty, negligence, deceit, or misrepresentation.

> *Rationale:* The Respondent violated *Principle of Ethics IV,* and *Principle IV, Rule E:* "Individuals shall not engage in dishonesty, negligence, deceit, or misrepresentation," as evidenced by the Respondent knowingly providing false data as part of their ASHA certification application.

*Principle of Ethics IV, Rule G*: Applicants for certification or membership, and individuals making disclosures, shall not make false statements and shall complete all application and disclosure materials honestly and without omission.

> *Rationale:* The Respondent violated *Principle of Ethics IV*, and *Principle IV, Rule G:* "Applicants for certification or membership, and individuals making disclosures, shall not make false statements and shall complete all application and disclosure materials honestly and without omission," as evidenced by the Respondent knowingly providing false data as part of their ASHA certification application.

**PROPOSED SANCTION:** The Board of Ethics proposes a sanction of Revocation of Membership and Certification for six (6) months (public), effective from the date of the Final Decision.

At the completion of the revocation period, the Respondent may petition the Board of Ethics for approval to seek reinstatement of their membership and certification. For more information, the Respondent can review the reinstatement policy set forth in the *Practices and Procedures of the Board of Ethics* (2025) at https://www.asha.org/policy/practices-and-procedures-of-the-board-of-ethics/and review *Petitioning For Approval From Board of Ethics to Reinstate Certification and Membership* at https://www.asha.org/Practice/ethics/Petitioning-For-Approval-From-BOE-to-Reinstate-Certification/.

**PROPOSED DISCLOSURE:** The proposed sanction is a formal disciplinary action of public record. This decision, upon becoming final, will be published in an ASHA publication that is distributed and available to all members. The Board of Ethics may provide its Final Decision to any person or entity requesting a copy of the decision. Additionally, the Board of Ethics may provide its Final Decision and relevant case information (a) to any state agency that has provided the Respondent a license or credential or to which the Respondent has applied for a license or credential; (b) to any state agency located in the state where the Respondent resides; (c) to any other professional

organization that enforces a code of ethics or code of professional conduct of which the Respondent is a member or an applicant for membership; and (d) as required by law.

**REQUEST FOR FURTHER CONSIDERATION BY THE BOARD OF ETHICS:** The Respondent may request a Further Consideration Hearing in front of the Board of Ethics. At a Further Consideration Hearing, the Respondent can present their case as to why the violations of the Code of Ethics should be modified and/or why the proposed sanction should be reduced. The Respondent's request for a further consideration hearing must be made in writing and received by the Board of Ethics no later than thirty (30) days after the mailing date of the attached Initial Determination letter. The further consideration process is described in the *Practices and Procedures of the Board of Ethics (2024)*, a copy of which was provided to the Respondent with the complaint. (This document is also available on the ASHA website at https://www.asha.org/policy/practices-and-procedures-of-the-board-of-ethics.)

If the Respondent does not request further consideration by the Board of Ethics within thirty (30) days of the transmittal date of this Initial Determination, this decision shall become final. In that event, there shall be no further right of appeal.

June 26, 2025

Michele Simler, MS, CCC-SLP, FNAP
Chair, ASHA Board of Ethics

Date