No. 26-1329

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 14, 2026
KELLY L. STEPHENS, Clerk

RODERICK WRIGHT,

Plaintiff-Appellant,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant-Appellee.

O R D E R

Before: SUTTON, Chief Judge; GIBBONS and WHITE, Circuit Judges.

Plaintiff Roderick Wright appeals the district court's denial of injunctive relief in his civil suit alleging that Defendant American Speech-Language-Hearing Association (ASHA) violated the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. He moves this court for an injunction pending appeal. ASHA opposes the motion.

ASHA is a professional, scientific, and credentialing body for "audiologists; speech-language pathologists; speech, language, and hearing scientists; audiology and speech-language pathology assistants; and students." ASHA.ORG, *About the American Speech-Language-Hearing Association (ASHA)*, https://www.asha.org/about/ (last visited June 12, 2026). Graduate students seeking ASHA certification must complete a clinical fellowship, including a minimum number of hours providing care. At the start of 2023, ASHA ended its COVID-19-era policy of allowing applicants to complete their clinical fellowship hours 100% through telehealth; clinical fellowships beginning on or after January 1, 2023, cap telehealth hours at 25%.

In October 2022, Wright began a placement as a clinical fellow to provide services to public schools in Albuquerque, New Mexico. He completed onboarding and training, but the placement

was cancelled before he provided any direct care, and he did not begin his alternative placement until February 2023. Notwithstanding guidance from ASHA staff, Wright applied for certification using the 2022 start date and with more than 25% of his clinical hours completed by telehealth. ASHA granted Wright's application, but it subsequently determined that his application violated ASHA's code of ethics and revoked his membership for six months, after which Wright could petition for reinstatement.

Wright sought further consideration and requested ADA accommodations based on his Complex PTSD diagnosis. His physician recommended six accommodations: "1. Extended deadlines (e.g., 45-60 days); 2. Written-only communication; 3. Clear, plain-language instructions; 4. Recognition of disability-related challenges; 5. Flexibility in submission formats; [and] 6. An interactive process acknowledging these needs." ASHA granted the request, promising to conduct all communications in writing, extending his time to respond, allowing Wright to submit a written statement, and accepting written answers to the Board's questions in lieu of an in-person hearing. ASHA's Board of Ethics ultimately affirmed the initial determination and six-month sanction.

Wright filed suit under the ADA and the Rehabilitation Act, alleging a failure to accommodate, discrimination, retaliation, and denial of fair procedure. The district court denied Wright's request for a temporary restraining order and adopted the magistrate judge's recommendation to deny injunctive relief. Wright now appeals and asks us to enjoin his suspension pending that appeal.

We consider four factors when determining whether to grant an injunction pending appeal. *Livingston Educ. Serv. Agency v. Becerra*, 35 F.4th 489, 491 (6th Cir. 2022) (order). Where, as here, the movant is appealing the denial of injunctive relief, we review the district court's application of the same four factors, evaluating its legal conclusions de novo, its findings of fact for clear error, and its ultimate decision to deny injunctive relief for an abuse of discretion. *Kentucky v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020) (order).

The first factor is a likelihood of success on the merits. *Livingston Educ. Serv. Agency*, 35 F.4th at 491. Some likelihood of success is "critical," and its absence is a sufficient basis to deny

injunctive relief. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153–54 (6th Cir. 1991).

In his complaint, Wright alleges that ASHA failed to accommodate him as required by the ADA, that ASHA's failure to accommodate him was discrimination under the Rehabilitation Act, that ASHA's failure to accommodate him deprived him of fair procedure, and that ASHA's failure to accommodate him was retaliation for complaining about an ASHA staff member. In other words, all four counts in Wright's complaint depend on proving that he requested a reasonable accommodation during the ethics review process and that ASHA failed to provide it. *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 525 (6th Cir. 2021) (setting out the standard for a prima facie failure-to-accommodate claim). Even if Wright is attempting to argue that ASHA failed to engage in the informal interactive process required by the ADA, *see* 29 C.F.R. § 1630.2(o)(3), he still must start by showing that ASHA denied his request for accommodations, *see Thompson*, 985 F.3d at 525 (explaining that the "failure to engage in the interactive process does not give rise to an independent claim," and "[i]nstead, it is a violation of the ADA only if the plaintiff establishes a prima facie case of failure to accommodate").

The opposite is true. After receiving documentation supporting Wright's request, ASHA agreed to significantly modify its procedure, going so far as to eliminate all in-person proceedings. Wright fails to show that those accommodations were insufficient or that other requested accommodations were denied. Without that prima facie showing, Wright is unlikely to succeed on the merits of his claims below. And because a low likelihood of success is a sufficient basis to deny injunctive relief, *Griepentrog*, 945 F.2d at 153–54, Wright is unlikely to succeed by arguing on appeal that the district court abused its discretion in denying an injunction below.

Wright separately argues that the district court erred when it concluded that an injunction would upset the status quo and committed clear error when it failed to agree with his 2022 start date. But neither argument goes to ASHA's alleged failure to accommodate and therefore neither undermines the district court's conclusion that Wright is unlikely to succeed on the merits of his

complaint. As we have said, the absence of that "critical" showing is fatal to Wright's request for injunctive relief, both in the district court and on appeal. *Griepentrog*, 945 F.2d at 153–54.

The motion for an injunction pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 07/14/2026.

**Case Name:** Roderick Wright v. American Speech-Language-Hearing Association
**Case Number:** 26-1329

**Docket Text:**
ORDER filed - The motion for injunction pending appeal is DENIED. [7513190-2] [7514022-2], [7514023-2] [7514023-3] . Jeffrey S. Sutton, Chief Circuit Judge; Julia Smith Gibbons, Circuit Judge and Helene N. White, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Roderick Wright
6181 Lake Michigan Drive
Apartment 103
Allendale, MI 49401

**A copy of this notice will be issued to:**

Ms. Ann E. Filkins
Ms. Courtney Ann-Taylor Lavender
Ms. Courtney L. Nichols