UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,
Plaintiff,
v.
AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,
Defendant.

Case No. 1:25-cv-01367-PLM-MV
Hon. Paul L. Maloney

**PLAINTIFF'S MOTION FOR AN ORDER UNDER FED. R. CIV. P. 56(g) STATING THAT A MATERIAL FACT IS NOT GENUINELY IN DISPUTE AND TREATING IT AS ESTABLISHED, OR IN THE ALTERNATIVE FOR DECLARATORY JUDGMENT**

Plaintiff Roderick Wright, proceeding pro se, moves for an order under Federal Rule of Civil Procedure 56(g) stating that a single material fact is not genuinely in dispute and treating that fact as established in this action, and in the alternative for a declaratory judgment as pleaded at First Amended Complaint ¶ 46(a) (ECF No. 58, PageID.604). The parties do not disagree about the underlying events. They disagree about whether Defendant's own undefined term — "initiated" — attaches to them. Defendant's own officials and its own published rules use that term interchangeably with "began": its case synopsis refers to "the experience he initiated in 2022" (ECF No. 71-4, PageID.771), the ethics complaint Defendant filed in this Court as its own summary-judgment exhibit says that same 2022 experience "began on October 5, 2022 under the mentorship of Marlaina Stevenson" (ECF No. 80-1, PageID.912), and its own certification standards use both words on facing pages, keying Standard VII to "the date on which the first CF

was initiated" and Standard VII-A to experiences "beginning on or before December 31, 2022" (Pl.'s Opp'n Ex. B, ECF No. 86-3, PageID.2408-2409). Neither word is defined in any standard, guidance, or policy Defendant has produced. The contemporaneous record places the fellowship's beginning in 2022 — on October 17, 2022 by the employment agreement and the signed Clinical Fellowship Year Plan, and in no event later than December 31, 2022. See ECF No. 1-2, PageID.11-16; ECF No. 1-3, PageID.17-18; ECF No. 61-4, PageID.668. December 31, 2022 is the line Defendant's own published rules draw. See ECF No. 61-2, PageID.658-665; ECF No. 61-3, PageID.666; ECF No. 61-5, PageID.670; accord ECF No. 77, PageID.865-869 (Defendant's discovery admissions).

This request stands on its own. Plaintiff asks the Court to enter an order under Federal Rule of Civil Procedure 56(g), or a declaratory judgment, establishing that the following material fact is not genuinely in dispute and is treated as established in this case: Plaintiff's Clinical Fellowship initiated no later than December 31, 2022. The Court need not fix a precise date. If the Court proceeds by declaratory judgment rather than under Rule 56(g), the declaration Plaintiff seeks is the one already pleaded at First Amended Complaint ¶ 46(a): that the fellowship initiated in 2022 and is governed, for the entirety of the fellowship, by the CFCC telepractice guidance applicable to Clinical Fellowships initiated on or before December 31, 2022 — a consequence that follows from Defendant's own published rule, not from any weighing of the evidence. Four documented dates each satisfy the requested finding: October 17, 2022 (the effective date of the employment agreement, and the estimated beginning date of the CFY entered on the CFY Plan that Plaintiff's supervisor of record, Victoria Hanawalt, signed on October 14, 2022); November 23, 2022 (New Mexico Clinical Fellow license No. SLPCF22006 — the date on which, by the New Mexico CFY Plan form's own terms, CFY hours start accumulating); December 8, 2022 (Hanawalt's

written confirmation that Plaintiff "began the CF experience before 12/31/2022," corroborated by the school district's calendar invitation); and December 28, 2022 (the New Mexico Public Education Department's "PRE K-12 SPEECH LANGUAGE PATHOLOGIST FELLOW" license) (ECF No. 1-2, PageID.11-16; ECF No. 1-3, PageID.17-18; ECF No. 29-19, PageID.354; ECF No. 61-4, PageID.668; ECF No. 1-5, PageID.22; Pl.'s Opp'n Ex. B, ECF No. 86-3, Bates 000105 (PageID.2420); Ex. 6; Pl.'s Opp'n Ex. M, ECF No. 86-14). The evidence is set out in the supporting brief, principally in Section II. These dates are offered as evidence of the fact requested, not as separate findings.

That record is documentary and comes in substantial part from sources no applicant controls: the employment agreement, the signed CFY plans, two New Mexico licenses, the supervisor of record's December 8, 2022 written confirmation that Plaintiff "began the CF experience before 12/31/2022," Defendant's own Clinical Fellowship Portal, and Defendant's own discovery admissions (ECF No. 1-2, PageID.11-16; ECF No. 1-3, PageID.17-18; ECF No. 29-19, PageID.354; ECF No. 61-4, PageID.668; Pl.'s Opp'n Ex. M, ECF No. 86-14; ECF No. 1-5, PageID.21-23; ECF No. 29-16, PageID.351; ECF No. 77, PageID.865-869). None of Defendant's contrary characterizations predates September 13, 2023. The requested finding establishes one dated fact and nothing more; whatever follows from it follows from Defendant's own published rule, which draws its line at December 31, 2022. This motion does not ask the Court to decide whether any particular 2022 hour was creditable toward the 1,260-hour requirement — a question on which no relief depends, because Plaintiff's 1,450 mentor-verified hours exceed that requirement by 190 — nor to resolve every remaining issue in Count III.

Scope of this motion. This request is presented in the context of Defendant's pending Motion for Summary Judgment, ECF No. 80, PageID.878, and Plaintiff's opposition to that motion, ECF

No. 86. If the Court does not grant all the relief Defendant's motion requests, the condition Rule 56(g) states is satisfied on the face of the rule, and the initiation date is material to the claims and defenses that motion puts at issue. This motion seeks one determination and nothing more. Plaintiff does not seek summary judgment on any count in this motion. Plaintiff separately moves for summary judgment on liability on Count III, the Michigan common-law denial-of-fair-procedure claim. The two are filed as separate motions because they seek different relief — this one a determination under Rule 56(g) that a fact is established, the other judgment on a claim — and because the fact established here is a predicate the Court may resolve whether or not it reaches Count III. Plaintiff does not seek affirmative summary judgment on Count I, Count II, or Count IV in either motion. Those counts remain fully preserved and contested, and are addressed in Plaintiff's opposition to Defendant's Motion for Summary Judgment, ECF No. 86. This limitation is procedural and is not a withdrawal, abandonment, waiver, or concession of any claim or argument.

Exhibits. Exhibits 1, 2, 4, 6, 7, 8, 10, and 15 are attached to this motion; they are the exhibits cited in the supporting brief. Exhibits 3, 5, 9, 11, 12, 13, 14, and 16 are cited in Plaintiff's Motion for Summary Judgment on Count III and/or the brief supporting it, and are attached to that motion. Exhibit numbering is continuous across both motions, so that a given number refers to the same document in both motions and both briefs. Except for Exhibit 13, whose docketed copies omit the member lists as the Index of Exhibits notes, no document already on file with the Court is attached as an exhibit; such documents are cited by ECF number, as LCivR 5.7(d)(vii)(B) requires. An Index of Exhibits listing all sixteen and identifying where each is filed accompanies this motion. Because the material facts are documentary and the parties' positions

are fully presented in the briefs, Plaintiff respectfully submits that this motion may be decided without oral argument.

CERTIFICATE OF CONCURRENCE (LCivR 7.1(d)). On August 4, 2026, Plaintiff sought concurrence in the relief requested in this motion from Defendant's counsel, Joshua J. Trombley, by email, and requested a response by 5:00 p.m. on August 8, 2026. Concurrence was not obtained, making it necessary to bring this motion.

Respectfully submitted,

Dated: August 12, 2026

/s/ Roderick Wright

Roderick Wright

6181 Lake Michigan Drive, #103

Allendale, MI 49401

(616) 990-9284

wrightiir@yahoo.com

Plaintiff, pro se