UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,
Plaintiff,
v.
AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,
Defendant.

Case No. 1:25-cv-01367-PLM-MV
Hon. Paul L. Maloney

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT III**

Plaintiff Roderick Wright, proceeding pro se, moves for summary judgment on liability on Count III, the Michigan common-law denial-of-fair-procedure claim, under Federal Rule of Civil Procedure 56(a), and requests that the Court deny Defendant's Motion for Summary Judgment. Defendant adjudicated ethics charges against Plaintiff through a process that departed from its own written Practices and Procedures of the Board of Ethics, on a record its own officials assembled and had pre-resolved, under an initiation rule that appears in no standard, guidance, or policy Defendant has ever produced.

First, Plaintiff requests that the Court grant summary judgment in his favor on liability on the denial-of-fair-procedure claim (Count III), and deny Defendant's Motion for Summary Judgment. On Count III, Plaintiff requests a declaration that the Board of Ethics' decision in BE 25-003 is invalid and should be set aside. Plaintiff further requests that the declaration state the consequence: that the revocation is of no legal effect and that Plaintiff's Certificate of Clinical Competence is to be treated as having been continuously held from the date it was granted, June

25, 2024. Plaintiff does not ask the Court to substitute its judgment for Defendant's on any question of professional standards, to direct any professional judgment, or to grant a credential in the first instance. The request is narrower: that a sanction imposed through a process that departed from Defendant's own written Practices and Procedures not be given continuing effect. Because a gap in the public certification record operates on employment and state licensure independently of the underlying findings, Plaintiff requests that any relief include a clear and conspicuous corrective statement rather than silent removal, and removal of any internal flag, pop-up, or account annotation keyed to his name, ASHA account, or certification number. Defendant's records establish that such a device exists and predates the ethics complaint: "Since there is already a pop-up, I guess we stop answering him" (October 5, 2023) (Ex. 16, Bates 000387), and "I've updated the popup" (December 5, 2023) (Pl.'s Opp'n Ex. E, ECF No. 86-6, PageID.2440). The evidence of the sanction's continuing effect on the public certification record is set out in the supporting brief; the internal-flag evidence is set out above. Plaintiff does not ask the Court to fix any monetary amount on this motion; damages are reserved for further proceedings.

Second, in the alternative — if the Court declines to grant the foregoing declaratory and corrective relief in full — Plaintiff requests that the matter be remanded to Defendant for a new Board of Ethics proceeding in BE 25-003, before a properly constituted and impartial decision-maker, on a complete record and under the standards applicable to Plaintiff's 2022 Clinical Fellowship rather than the 2023 premise Defendant's Senior Director of Ethics presented to the Board. Cf. Fed. R. Civ. P. 54(c) (final judgment should grant the relief to which a party is entitled, even if not demanded in the pleadings). Michigan authority supports directing a private association to undo action taken in disregard of its own rules. *People ex rel. Roehler v.*

*Mechanics' Aid Society*, 22 Mich. 86 (1870) (mandamus restoring an expelled member; he "is entitled to claim that nothing important shall be disregarded to his prejudice," id. at 91, and the association's records "must show upon their face the exact cause of the expulsion, and all of the proceedings necessary to authorize action," id. at 92); *Erd v. Bavarian National Aid & Relief Ass'n*, 67 Mich. 233, 34 N.W. 555 (1887) (peremptory mandamus restoring a member penalized under a rule never adopted; "Before he can be fined, there must be a by-law adopted by the association defining the offense and imposing the penalty," id. at 235-36); *Rose v. Supreme Court, Order of Patricians*, 126 Mich. 577, 85 N.W. 1073 (1901) (judgment for a member whose claim a board had "prejudged" on an interested official's ex parte report; "it is incumbent upon the officers charged with such examination to pursue the methods provided with strictness, and to give to the claimant the hearing provided for," id. at 580). The remedy is an ordinary one. In *Kendler v. Rutledge*, 78 Ill. App. 3d 312, 396 N.E.2d 1309 (Ill. App. Ct. 1979) (Illinois law, persuasive only), a realtors' board disciplined a member through proceedings in which one participant sat in review of a decision he had helped make, contrary to the board's own bylaw. The court declined to review the merits, holding that "it is not the function of the judiciary to substitute our judgment for that of the association," id. at 316, but that "the board, too, was obligated to act in accord with its own bylaws," id., that the appeals decision was "void as contrary to its own rules of procedure," id. at 318, and remanded with directions to "grant plaintiff a new hearing in conformity with the board's bylaws," id. at 319. Michigan states the same preference: "The preferred remedy where a trial court finds an arbitrary decision is to refer the matter to the school for a fair hearing on the student's appeal." *Maitland v. Wayne State University Medical School*, 76 Mich. App. 631, 639, 257 N.W.2d 195 (1977). *Maitland* declined that remedy on its own facts, where the student had resumed his studies and a belated hearing

"strikes this Court as exalting procedure over substance," id. at 640, and affirmed a more intrusive one. Both halves favor Plaintiff: where referral back would not cure the harm, a Michigan court may order more — the relief Plaintiff requests first — and referral back remains available in the alternative. A renewed proceeding on the same premise, before the same participants whose contemporaneous writings show the outcome was arranged in advance, would repeat the defect rather than cure it. Plaintiff therefore requests that any renewed review (i) proceed under the telepractice standards applicable to Clinical Fellowships initiated on or before December 31, 2022, if this Court has determined that the fellowship initiated on or before that date — a determination that it initiated no later than December 31, 2022 being conclusive of that question whatever the particular date, and foreclosing application of the January 1, 2023 telepractice limitation; if this Court makes no such determination, determine the initiation date by applying a written definition of "initiation" that Defendant identifies and that was in effect during Plaintiff's fellowship; and if Defendant identifies no such definition, proceed under the standards applicable to fellowships initiated on or before December 31, 2022; (ii) be conducted by Board of Ethics members and staff who had no role in preparing, drafting, reviewing, or presenting BE 25-003; (iii) be conducted on a complete record, including the full Hanawalt correspondence and the complete text of any Code provision relied upon; and (iv) be conducted without any chronology or staff summary — including the BE 25-003 case timeline and the Board of Ethics Review and Motions Form prepared for that proceeding — that states or implies that Plaintiff cancelled his Clinical Fellowship or that the fellowship began in 2023; any chronology supplied must be consistent with clause (i). For purposes of clause (i), a provision that presupposes an initiation date, or that makes its consequences depend on one — including the January 1, 2023 telepractice boundary — is not such a definition; Defendant may not fix the

initiation date by reference to the date on which direct client hours began unless it identifies a written standard, guidance, or policy in effect during the fellowship that expressly required that method; and Defendant shall address the contemporaneous documents placing the fellowship's initiation in 2022. Defendant has admitted that its written standards do not condition a start date on prior direct client services (ECF No. 77, PageID.865), and, asked to identify any applicant whose fellowship it had recognized as initiating with professional activities preceding first client contact, it answered "Yes" and then identified no applicant and no document (ECF No. 84-1, PageID.950-951). The initiation date is the question this action presents. Plaintiff further requests that the Court retain jurisdiction to enforce any remand to Defendant. These terms are severable. Plaintiff seeks this relief strictly in the alternative and does not concede that the BE 25-003 decision is entitled to any presumption of validity.

Scope of this motion, and its relationship to Plaintiff's Rule 56(g) motion. Plaintiff has separately moved under Federal Rule of Civil Procedure 56(g) for an order establishing that his Clinical Fellowship initiated no later than December 31, 2022. The two are filed as separate motions because they seek different relief — that one a determination that a fact is established, this one judgment on a claim — and because each may be granted without the other. Plaintiff states plainly that he does not seek to evade the word limitation of LCivR 7.2(b)(i). The Rule 56(g) brief sets out the documentary record on the initiation date in its Statement of Undisputed Material Facts; the brief supporting this motion incorporates that Statement by reference; and neither brief duplicates the other's argument. Count III does not depend on the Rule 56(g) determination. Plaintiff moves on the grounds pleaded at ECF No. 58, ¶¶ 35-36, PageID.602, and does not move on the accommodation ground pleaded at ¶ 37, which is reserved. The ¶ 37 ground is pleaded in the alternative, as Federal Rule of Civil Procedure 8(d)(2) expressly

permits, and Rule 56(a) permits a party to move for summary judgment on "the part of each claim or defense" on which judgment is sought; Count III accordingly does not depend on the reserved ground, and no resolution of it is necessary to the judgment requested here. Plaintiff does not seek affirmative summary judgment on Count I, Count II, or Count IV in either motion; those counts remain fully preserved and contested, and are addressed in Plaintiff's opposition to Defendant's Motion for Summary Judgment, ECF No. 86. This limitation is procedural and is not a withdrawal, abandonment, waiver, or concession of any claim or argument.

Exhibits. Exhibit numbering is continuous across both motions, so that a given number refers to the same document in each. Exhibits 3, 5, 9, 11, 12, 13, 14, and 16 are attached to this motion. Exhibits 2, 4, 7, and 10, which both briefs cite, were filed with Plaintiff's Rule 56(g) motion, ECF No. 91, and are not re-attached here, because LCivR 5.7(d)(vii)(B) provides that a filer "must not attach as an exhibit any pleading or other paper already on file with the court, but shall refer to that document by the ECF No. identified thereon, found in the document header displayed at the top of the electronically filed document." Exhibit 13 is the one document already on file with the Court that is nevertheless attached, for the reason the Index of Exhibits states: the two pages of adjudication minutes appear on the docket at ECF No. 61-6, PageID.671 and 674, but those copies omit the lists of Board members present, and the pages as produced in Defendant's unredacted discovery production are not otherwise on file. In this motion and the brief supporting it, a citation in the form "Ex. __" refers to the correspondingly numbered exhibit in the Index of Exhibits filed with the Rule 56(g) motion. Because the material facts are documentary and the parties' positions are fully presented in the briefs, Plaintiff respectfully submits that this motion may be decided without oral argument.

CERTIFICATE OF CONCURRENCE (LCivR 7.1(d)). On August 4, 2026, Plaintiff sought concurrence in the relief requested in this motion from Defendant's counsel, Joshua J. Trombley, by email, and requested a response by 5:00 p.m. on August 8, 2026. Concurrence was not obtained, making it necessary to bring this motion.

Respectfully submitted,

Dated: August 12, 2026

/s/ Roderick Wright

Roderick Wright

6181 Lake Michigan Drive, #103

Allendale, MI 49401

(616) 990-9284

wrightiir@yahoo.com

Plaintiff, pro se