**Practices and Procedures of the Board of Ethics**




Ethics

**About This Document**

Latest revision published January 2024.

This statement is a revision of *Practices and Procedures of the Board of Ethics (2022)* (hereinafter, the *"Practices and Procedures"*).

The Board of Ethics (hereinafter, the "BOE") is a semi-autonomous entity of the American Speech-Language-Hearing Association (hereinafter, the "Association" or "ASHA") charged as follows by the Bylaws of the Association (2021):

"The Association shall establish a Board of Ethics that shall (1) formulate, publish, and, from time to time, amend a Code of Ethics containing the professional responsibilities by which members and certificate holders shall be bound and a Code of Conduct by which certified assistants shall be bound; (2) develop educational programs and materials on ethics for distribution to members and certificate holders, certified assistants, academic programs, and others; (3) adjudicate complaints alleging violations of the Code of Ethics and the Code of Conduct; and (4) make essential decisions as listed in the semi-autonomous entities agreement. Members of the Board of Ethics shall be appointed by the Committee on Committees. The Board of Directors shall approve any revisions to (1) the Code of Ethics, (2) the Code of Conduct, and (3) the procedures formulated by the Board of Ethics for processing allegations of Code of Ethics and Code of Conduct violations to ensure that they comply with basic due process considerations. The Board of Ethics shall determine sanctions for violations in its discretion as it deems appropriate, including a Reprimand; Censure; Suspension of membership and/or certification; Revocation of membership and/or certification; Withholding of membership and/or certification; ethics examination; and/or continuing education hours. Any appeal from a Board of Ethics Further Consideration shall be decided by the ASHA Ethics Appeal Panel."

A fundamental precept that guides the BOE in the discharge of its responsibility is that an effective Code of Ethics and Assistants Code of Conduct (hereinafter, "Code of Conduct," which, collectively with the Code of Ethics, may be referred to herein as the "Codes") require (1) an orderly and fair administration and enforcement of its terms and (2) full compliance as

applicable by all members of the Association, by all holders of and applicants for the Certificate of Clinical Competence (CCC), and by all holders of and applicants for assistants certification. The BOE recognizes that each case must be judged on an individual basis and that no two cases are likely to be identical. Thus, the BOE has the responsibility to exercise its judgment based on the merits of each case and on its interpretation of the Codes.

## I. Structure of the BOE

### A. Composition

The BOE shall consist of no more than seventeen (17) members. The BOE shall include

- two (2) public members;
- at least five (5) audiologists who hold the Certificate of Clinical Competence in Audiology (CCC-A); and
- at least five (5) speech-language pathologists who hold the Certificate of Clinical Competence in Speech-Language Pathology (CCC-SLP).

Public members shall not be ASHA certified, ASHA members, or applicants for ASHA certification. At least four (4) of the CCC-A and CCC-SLP members shall be practitioners who either currently practice or have practiced within the past ten (10) years. Two (2) of these practitioners shall have school-based practice experience. All members, with the exception of the public members and the National Office ex officio member, must hold current ASHA certification.

### B. Term

Each BOE member shall serve a 4-year term. No individual shall serve two (2) full terms on the BOE.

### C. Officers

The officers of the BOE shall be a BOE Chair and a BOE Vice-Chair. The BOE Chair and BOE Vice-Chair shall each serve a 1-year term. The BOE members shall elect a BOE Vice-Chair annually who shall transition to BOE Chair the following year. The BOE Vice-Chair shall be elected from first- and second-year members of the BOE.

### D. Ethics Education Subcommittee (EES)

The EES is responsible for revising the Code of Ethics, developing ethics-related educational programs, and drafting and updating ethics policy and guidance documents, including Issues in Ethics statements.

All fourth-year BOE members who are not officers shall sit on the EES. The outgoing BOE Chair shall appoint the EES Chair for the following year. Members of the EES shall not be considered members of the BOE adjudicating body.

**E. Ex Officio**

The ASHA Senior Director of Ethics shall be the nonvoting ex officio member of the BOE and shall attend all BOE meetings and hearings. The Senior Director of Ethics may appoint an Ethics Office staff member to take minutes during any BOE meeting.

**F. Quorum**

Six (6) voting BOE adjudication members shall constitute a quorum at an Initial Consideration Hearing. Nine (9) voting BOE adjudication members shall constitute a quorum at a Further Consideration Hearing. Every hearing shall be composed of at least (a) the BOE Chair or BOE Vice-Chair; (b) one public member; (c) one first-year BOE member; (d) one BOE member who holds the CCC-A credential; and (e) one BOE member who holds the CCC-SLP credential. Except as otherwise stated herein, BOE decisions shall be made by a majority vote of those BOE members present at a meeting.

## II. General Processes and Procedures of the BOE

**A. Jurisdiction**

Every individual who is (a) a member of ASHA (whether certified or not), (b) a nonmember of ASHA holding the Certificate of Clinical Competence (CCC) or the ASHA-certified assistant credential (C-AA, or C-SLPA), or (c) an applicant for ASHA certification, or for membership and certification, is subject to the Code of Ethics or Code of Conduct, as applicable, and to the jurisdiction of the BOE. The BOE shall only review complaints where the Respondents were under the jurisdiction of the BOE at the time that the alleged violation occurred.

**B. Statute of Limitations**

To be considered timely and eligible for consideration, any complaint must be received by the BOE within ten (10) years of the date of the alleged violation. The BOE has the discretion to hear complaints—based on events that occurred outside the 10-year statute of limitations—that allege egregious misconduct, such as sexual abuse or significant financial misconduct.

**C. Compliance With Ethics Process**

A Respondent's (a) failure to renew certification and/or membership, (b) resignation of certification and/or membership, (c) termination and/or surrender of the CCC, C-AA, or

C-SLPA, or (d) failure to respond or cooperate with the adjudication process shall not preclude the BOE from continuing to adjudicate the alleged violation to conclusion. Failure to respond to a complaint in a timely manner constitutes a violation of the Code of Ethics or Code of Conduct, as applicable.

**D. Disclosure of Complaint**

At its discretion, the BOE may inform the ASHA Certification Unit that a Respondent is the subject of a complaint or self-report alleging violation of the Code of Ethics or Code of Conduct. The BOE may instruct such staff to place a hold on an application, renewal, or reinstatement, as applicable, until the BOE has rendered a Final Decision in the Respondent's case.

**E. Notices From the ASHA Ethics Office or the BOE**

All notices shall be in writing and are effective on the date sent. Notices may be sent by Certified Mail (restricted delivery, return receipt requested) and/or email (delivery receipt requested) to the address(es) listed in the ASHA member database as of the date of the notice. Notices to counsel shall be sent via First-Class Mail, return receipt requested without restricted delivery, and/or email (delivery receipt requested) to the address provided by such counsel.

**F. Response Dates**

An additional three (3) days for mailing shall be added to the deadline for all complaint-related submissions to the BOE (i.e., a Respondent's request for Further Consideration must be received by the BOE no later than thirty (30) days—plus three (3) additional days for mailing—after the date that the Initial Determination was mailed to the Respondent).

**G. Authority to Investigate**

The BOE does not have subpoena powers and does not conduct independent investigations into complaints; it relies on the information provided by the Respondent, the Complainant, and publicly available resources. However, the Ethics Office may reasonably request additional documentation from the Complainant and the Respondent related to the case.

**H. Confidentiality of Complaints**

All complaints, responses, and related materials shall be considered strictly confidential and shall only be disclosed pursuant to these *Practices and Procedures* and to the BOE's internal policies.

## III. Complaint Adjudication

### A. Types of Complaints

The BOE reviews three types of complaints: (1) Self-Report, (2) BOE-Initiated, and (3) Third-Party. The adjudication process and timeline vary as described below based on the type of complaint.

### B. Self-Reporting a Disciplinary Action or Criminal Conviction

1. Self-Reporting Requirements

An individual who is self-reporting pursuant to Principle IV, Rules T and U of the Code of Ethics—or pursuant to Principle III, Fundamentals O and P of the Code of Conduct—shall provide

a. their name, address, email address, and phone number(s);
b. a written summary of the incident that led to the Self-Report; and
c. a copy of the documents required by Principle IV, Rules T and U of the Code of Ethics—or by Principle III, Fundamentals O and P of the Code of Conduct.

2. Receipt of Self-Report

Upon receipt of a Self-Report, the ASHA Ethics Office shall notify the reporting individual that the Self-Report has been received and that it will be processed in accordance with these *Practices and Procedures.* Self-Reports that do not meet the requirements of Principle IV, Rules T and U of the Code of Ethics—or Principle III, Fundamentals O and P of the Code of Conduct—may be dismissed by the Senior Director of Ethics.

3. Dismissal by BOE Chair

Prior to the Initial Consideration Hearing, the BOE Chair will review the Self-Report. If the BOE Chair determines that (a) there is insufficient evidence to support a violation of the Code of Ethics or Code of Conduct or (b) the alleged violation(s), if true, constitute a *de minimis* violation of the Code of Ethics or Code of Conduct, then the Self-Report shall be dismissed, and an Initial Consideration Hearing shall not be held.

4. Reconsideration

The BOE may reconsider a complaint (and underlying materials) that previously had been dismissed pursuant to Section III.B.2 or 3 of these *Practices and Procedures* if it becomes aware—from any source—of additional evidence or further potential violations of the Code of Ethics or Code of Conduct.

**C. BOE-Initiated Complaints**

1. Opening a BOE-Initiated Complaint

The BOE may file a complaint against an individual under its jurisdiction when such individual has failed to timely self-report under Principle IV, Rules T and U of the Code of Ethics—or under Principle III, Fundamentals O and P of the Code of Conduct. Such a complaint shall include a copy of the final action or disposition, or relevant conviction information, as applicable.

2. Notice of Complaint

A BOE-Initiated Complaint shall be sent to the Respondent, along with a Notice of Complaint, for a response. The BOE-Initiated Complaint shall include a summary of the conduct alleged to have violated the Code of Ethics or the Code of Conduct and the Code sections alleged to have been violated. The Notice of Complaint shall provide the Respondent with the following information:

a. Notification that the failure to renew—or the resignation, termination, or surrender of—their ASHA membership and/or certification credential shall not preclude the BOE from continuing to adjudicate the alleged violation to conclusion.
b. Notification that, in cases where the BOE issues a sanction of Censure or Withholding, Suspension, or Revocation of membership and/or certification, the BOE may provide its Final Decision and any relevant case information to third parties as follows:
    i. any state agency providing a license to the Respondent, and/or to which the Respondent has applied for a license or other credential, and/or to any state agency located in the state where the Respondent resides or resided;
    ii. any other professional organization that enforces a code of ethics or a code of professional conduct of which the Respondent is a member or to which the Respondent is an applicant for membership; and
    iii. as required by law.

3. Response Requirements

Respondents are required to submit a written Response to the BOE within forty-five (45) days of the date of the Notice of Complaint. In the Response, the Respondent shall include whether they have ever been (a) publicly disciplined by any professional association, licensing authority or board, or other credentialing regulatory body (other than for checks returned for insufficient funds, student loan defaults, or late payment of fees or penalties imposed that did not result in unlicensed practice) or

(b) denied a license or other credential by any professional association, professional licensing authority or board, or other professional regulatory body. If the answer is "yes" to either or both of these questions, then the Respondent must

a. explain the underlying facts fully—including all relevant factors that they would like the BOE to consider, such as the nature and date of the offense(s), rehabilitation completed, and restitution made—and
b. submit a copy of documentation from the professional agency (or agencies) that (i) includes the denial, discipline, or sanctions imposed and (ii) demonstrates, if applicable, remediation.

4. Dismissal by the BOE Chair

Prior to the Initial Consideration Hearing, the BOE Chair shall review the complaint. If the BOE Chair determines that the alleged violation(s), if true, constitute a *de minimis* violation of the Code of Ethics or Code of Conduct, then the complaint shall be dismissed, and an Initial Consideration Hearing shall not be held.

5. Reconsideration

If a BOE-Initiated Complaint has been dismissed as a *de minimis* violation of the Code of Ethics or Code of Conduct, then the BOE may reconsider such complaint (and underlying materials) in the future if it becomes aware—from any source—of additional evidence or further potential violations of the Code of Ethics or Code of Conduct.

**D. Third-Party Complaints**

1. Third-Party Complaint Requirements

Any individual may file a complaint against a current or former ASHA member and/or certificate holder, an ASHA-certified assistant, or an applicant for ASHA certification. The BOE shall review only those complaints where the Respondents were under the jurisdiction of the BOE at the time that the violation is alleged to have occurred.

a. Complaint Information

All Third-Party Complaints shall include the following information and documentation:

i. the name of the ASHA member and/or certificate holder, ASHA-certified assistant, or ASHA applicant for certification;
ii. the name, mailing address, email address, and telephone number(s) of the Complainant;

iii. a detailed description of the facts supporting the complaint;
iv. the Code of Ethics or Code of Conduct sections alleged to have been violated;
v. any documentation that supports the complaint;
vi. a signed ASHA Non-Disclosure Agreement; and
vii. a signed ASHA Waiver of Confidentiality and Privacy Rights.

The ASHA Waiver of Confidentiality and Privacy Rights permits the BOE to (a) send a copy of the complaint to the Respondent so that they can provide a Response and (b) send any relevant case information to state agencies, professional organizations, and other entities and individuals as required by law.

b. Anonymous Complaints

The BOE shall not accept an anonymous complaint or a complaint by an individual who will not consent to their identity being disclosed to the Respondent.

c. Complaints Against Multiple Individuals

The BOE shall not accept a single complaint against multiple individuals. Those seeking to make a complaint against more than one individual must file a separate complaint for each individual. Each complaint must stand on its own merits.

2. Review of Third-Party Complaints

All Third-Party Complaints should be either submitted online through the Board of Ethics Complaint Form or by email or First-Class Mail to the address for the BOE set forth in the Terminology section of these *Practices and Procedures.*

a. Receipt of Complaint

Upon receipt of a Third-Party Complaint, the ASHA Ethics Office shall send a notice to the Complainant informing them that the complaint has been received and that it will be processed according to these *Practices and Procedures.*

b. Initial Review

Within forty-five (45) days of receiving a complaint, the ASHA Senior Director of Ethics shall review the complaint and determine, in their sole discretion, whether the allegations are ethical in nature. Contract disputes, derogatory

remarks, theoretical disputes, terms of service (e.g., cost of services, cancellation policies) are examples of issues that are not considered to be ethical in nature. If the Senior Director of Ethics determines that the allegations are not ethical in nature, then the complaint shall be deemed non-actionable and shall be denied.

c. Dismissal by BOE Chair

Prior to the Initial Consideration Hearing, the BOE Chair will review the Third-Party Complaint. If the BOE Chair determines that (i) there is insufficient evidence to support a violation of the Code of Ethics or Code of Conduct or (ii) the alleged violation(s), if true, constitute a *de minimis* violation of the Code of Ethics or Code of Conduct, then the Third-Party Complaint shall be dismissed, and an Initial Consideration Hearing shall not be held.

d. Reconsideration

The BOE may reconsider any complaint (and the underlying materials) that previously was dismissed pursuant to Section III.D.2 b or c if the BOE becomes aware—from any source—of additional evidence or further potential violations of the Code of Ethics or Code of Conduct.

3. Notice of Complaint

If a Third-Party Complaint is not denied or dismissed pursuant to Section III.D.2 b or c, then it shall be sent to the Respondent, along with a Notice of Complaint, for a Response. The Notice of Complaint, in part, shall provide the Respondent with the following information:

a. Notification that the failure to renew—or the resignation, termination, or surrender of—their ASHA membership and/or certification credential shall not preclude the BOE from continuing to adjudicate the alleged violation to conclusion.
b. Notification that, in cases where the BOE issues a sanction of Censure, Withholding, Suspension, or Revocation of Membership and/or Certification, the BOE may provide its Final Decision and any relevant case information to third parties as follows:
    i. any state agency providing a license to the Respondent, and/or to which the Respondent has applied for a license or other credential, and/or to any state agency located in the state where the Respondent resides or resided;
    ii. any other professional organization that enforces a code of ethics or a code of professional conduct of which the Respondent is a member or to which the Respondent is an applicant for membership; and

iii. as required by law.

4. Response Requirements

Respondents are required to submit a written Response to the BOE within forty-five (45) days of the date of the Notice of Complaint. In the Response, the Respondent shall include whether they have ever been (a) publicly disciplined by any professional association, licensing authority or board, or other credentialing regulatory body (other than for checks returned for insufficient funds, student loan defaults, or late payment of fees or penalties imposed that did not result in unlicensed practice) or (b) denied a license or other credential by any professional association, professional licensing authority or board, or other professional regulatory body. If the answer is "yes" to either or both of these questions, then the Respondent must

a. explain the underlying facts fully—including all relevant factors that they would like the BOE to consider, such as the nature and date of the offense(s), rehabilitation completed, and restitution made—and
b. submit a copy of documentation from the professional agency (or agencies) that (i) includes the denial, discipline, or sanctions imposed and (ii) demonstrates, if applicable, remediation.

5. Confidentiality

Respondents may only disclose a Third-Party Complaint to individuals who may be able to assist them in their defense of such complaint. Respondents may not publish, post, or otherwise disseminate—or permit or encourage any third party to publish, post, or otherwise disseminate—any information regarding such Third-Party Complaint before a Final Decision has been rendered by the BOE. Respondents shall notify all third parties with whom they share information regarding the complaint of their duty of confidentiality. The BOE reserves the right to take disciplinary action against any individual under its jurisdiction that harasses and/or intimidates a party in an ongoing complaint.

6. Reply and Second Response

Within thirty (30) days of receiving the Respondent's Response, the ASHA Ethics Office shall forward a copy of the Response to the Complainant for their review and response. The Complainant shall then have thirty (30) days from the date that the Ethics Office forwards the Response to submit an optional Reply to the Response (also known as "Reply"). The Reply may contain a rebuttal and/or any additional evidence or documentation that supports the complaint. If the Complainant sends a Reply, then the Ethics Office shall forward the Reply to the Respondent. The Respondent shall then have thirty (30) days from the date that the Reply is forwarded to provide a final, optional Second Response to the BOE. The Second

Response may contain a rebuttal to matters addressed in the Reply and may include any additional evidence or documentation that supports the Response. The Complainant shall receive a copy of any Second Response but shall not be permitted to provide any further evidence or documentation to the BOE.

**E. Initial Consideration Hearings**

1. Initial Consideration Review

During an Initial Consideration Hearing, an Initial Consideration Hearing Panel (ICH Panel) shall review complaints and Self-Reports that have adequate evidence and that present an issue sufficient to hold such a hearing. The ICH Panel shall consider all information provided by the Complainant(s), Respondent, and publicly available sources and shall make its Initial Determination based on the version(s) of the Code of Ethics or Code of Conduct that were in effect at the time of the alleged violation(s). When an ICH Panel makes determinations regarding violations of the Codes, the evidentiary standard shall be *a preponderance of the evidence* (i.e., the ICH Panel must conclude—based on the evidence and its deliberations—that it is more likely than not that a violation of the Codes occurred.)

2. Reliance on State and Court Documentation

The BOE may consider state-issued documentation of professional discipline to be conclusive evidence of the commission of professional misconduct. Court documentation of a criminal conviction shall be conclusive evidence of the commission of that crime. The Final Decision or final disposition of any state, federal, regulatory, or judicial body may be considered sufficient evidence that the Code of Ethics or Code of Conduct was violated.

3. Initial Determination

For Initial Determinations in which the finding is that a violation occurred, the Initial Determination shall include either the Code of Ethics or Code of Conduct provisions violated; a brief rationale; the proposed sanction; and, if appropriate, a Cease and Desist Order.

The BOE shall give the Respondent notice of its Initial Determination. The Initial Determination shall advise the Respondent of their right to request a Further Consideration Hearing. The procedure to be followed in exercising that right is described in Section F of these *Practices and Procedures.*

**F. Further Consideration of the Initial Determination by the BOE**

1. Request for Further Consideration Hearing

If the BOE's Initial Determination proposes a sanction against the Respondent, then the Respondent may request a Further Consideration Hearing. At a Further Consideration Hearing, the Respondent shall answer questions from the BOE and present their case regarding why any violations of the Code of Ethics or Code of Conduct should be modified and/or why the proposed sanction should be reduced.

2. Further Consideration Requirements

The Respondent's request for a Further Consideration Hearing shall be in writing and must be received by the BOE no later than thirty (30) days after the date that the Initial Determination was mailed to the Respondent. If the Respondent submits a timely request for a Further Consideration Hearing, then the BOE shall schedule a hearing and shall send the Respondent a Further Consideration Hearing Notice setting forth the time and date of such hearing. The Respondent must confirm their attendance for the scheduled date and time of the hearing within fifteen (15) days of the date of the Further Consideration Hearing Notice. Failure to confirm the hearing within that timeframe or attend such hearing will result in a denial of the Further Consideration Hearing request. In the absence of a timely request for a Further Consideration Hearing, the Initial Determination shall be the BOE's Final Decision, and there shall be no further right of appeal.

3. Further Consideration Written Statement or Brief

The Respondent shall be entitled to submit a written statement or brief, which must be received no later than sixty (60) days after the Initial Determination is mailed to the Respondent.

4. Further Consideration Proceedings

The Respondent shall attend the Further Consideration Hearing either in person, by video conference, or by conference telephone call. The Respondent may choose to be accompanied by counsel and/or to have (an) evidentiary witness(es). The proceedings shall be informal, and strict adherence to the rules of evidence shall not be observed. The Respondent's counsel may make opening and closing statements but shall not be permitted to answer factual questions on behalf of the Respondent. Should the Respondent want to present witnesses, they must contact the ASHA Ethics Office thirty (30) days prior to the hearing to make the appropriate arrangements. All personal costs incurred in connection with the Further Consideration Hearing—including travel and lodging costs incurred by the Respondent and, if applicable, the Respondent's counsel as well as other fees—shall be the Respondent's sole responsibility.

5. Modification of Initial Determination

After the Further Consideration Hearing, the BOE shall render its decision and notify the Respondent. Based on the evidence presented at the Further Consideration Hearing, the BOE has the following options for affirming or modifying the findings and sanction(s) that were included in the Initial Determination to the Respondent:

a. Affirm the Code of Ethics or Code of Conduct provisions violated and/or the sanction cited in the Initial Determination.
b. Modify the findings by removing Code of Ethics or Code of Conduct provisions cited in the Initial Determination.
c. Modify the findings by adding Code of Ethics or Code of Conduct provisions not cited in the Initial Determination. If new evidence is disclosed during the Further Consideration Hearing that (i) was not available to the BOE at the Initial Consideration Hearing and that (ii) if known at that time would have resulted in the BOE's finding the Respondent in violation of one or more additional Code of Ethics or Code of Conduct provisions, then the BOE may modify its Initial Determination findings by adding those provisions. In that situation, the BOE must make available to the Respondent the opportunity to continue the Further Consideration Hearing based on the added violation(s) and reschedule the Further Consideration Hearing for the next planned BOE meeting.
d. Increase or decrease the severity of the sanction(s).
e. Modify the extent of disclosure of the BOE's findings.
f. Dismiss the complaint.

6. Decision After Further Consideration

The BOE shall consider all information provided by the Complainant(s), Respondent, and publicly available sources and shall make its Decision After Further Consideration based on the version(s) of the Code of Ethics or Code of Conduct that were in effect at the time of the alleged violation(s). In the absence of a timely appeal to the ASHA Ethics Appeal Panel, the Decision After Further Consideration shall become the BOE's Final Decision.

**G. Initial Consideration and Further Consideration Hearing Dismissals**

Upon review of all the information provided by the Complainant, Respondent, and any other relevant source(s), the BOE may choose to dismiss a complaint at the Initial Consideration Hearing or at the Further Consideration Hearing for any of the following reasons:

1. Lack of Jurisdiction

At the time that the event(s) in question occurred, the Respondent (a) was not a member of ASHA; (b) did not hold the CCC, C-AA, or C-SLPA; or (c) was not an applicant for certification or for membership and certification; the Respondent is therefore not subject to the Code of Ethics or Code of Conduct.

2. Not Timely Filed

The alleged violation of the Code of Ethics or Code of Conduct is determined to have occurred more than ten (10) years before the filing of the complaint, and no compelling circumstances exist to waive that time limit.

3. Adequate Correction

The BOE may find that a violation in a given case has been adequately addressed, or is being adequately addressed, by another decision-making body. Other authorities upon which the BOE may choose to rely include but are not limited to state licensing boards, other semi-autonomous bodies within ASHA, arbitrators, administrative law judges, employers, educational institutions, agencies, or courts.

4. Insufficient Evidence

The evidence does not establish a violation of the Code of Ethics or Code of Conduct.

5. *De Minimis* Violation

The Code of Ethics or Code of Conduct violation fails to present an issue sufficient to formally sanction the Respondent.

6. Other Good Cause

The BOE may choose to dismiss a case when compelling evidence exists that the Respondent will never return to practice, such as when the Respondent is severely disabled or has died.

For cases that are dismissed at the Initial Consideration Hearing or Further Consideration Hearing, the BOE shall give the Respondent and Complainant notice of its decision and shall advise both parties that the case is considered closed.

**H. BOE Sanctions**

1. Types of Sanctions

The BOE may impose sanctions against a Respondent. These sanctions include but are not limited to the following:

a. *Written Warning:* A notice to the Respondent with limited disclosure notifying them that their conduct has violated the Code of Ethics or Code of Conduct and should not be continued or repeated.
b. *Reprimand:* A formal admonishment with limited disclosure.
c. *Censure:* A public rebuke or condemnation with broad disclosure.
d. *Suspension of Membership and/or Certification:* A public sanction that temporarily interrupts the Respondent's membership in and/or certification by ASHA for the period of time imposed. The Respondent need not request reinstatement from the BOE to regain membership and/or certification at the end of the suspension period. The Respondent must have met all certification maintenance requirements and paid any/all outstanding dues/fees for a suspension to be lifted.
e. *Revocation of Membership and/or Certification:* A public sanction that terminates the Respondent's membership in and/or certification by ASHA for the period of time imposed. Revocation of membership and/or certification requires a two-thirds vote of the proper BOE adjudicating body. When the sanction time period has ended, the Respondent must submit a *Petition for Reinstatement After Violation of the ASHA Code of Ethics* (hereinafter, *"Petition for Reinstatement"*) to the BOE and must be approved by the BOE in order to be eligible to apply to the ASHA Certification Unit for reinstatement of ASHA membership and/or certification.
f. *Withholding of Membership and/or Certification:* This public sanction prohibits future ASHA membership and/or certification for the period of time imposed. Withholding membership and/or certification requires a two-thirds vote of the proper BOE adjudicating body. This sanction applies in situations where (i) the Respondent is in the membership and/or certification application process when a violation is found or (ii) the Respondent allows membership and/or certification to expire. When the sanction time period has ended, the Respondent must submit a *Petition for Reinstatement* to the BOE and must be approved by the BOE in order to be eligible to apply to the ASHA Certification Unit for reinstatement of ASHA membership and/or certification.
g. *Cease and Desist Order:* An order directing a Respondent to stop engaging in a particular course of unethical conduct. This order is typically used in connection with another sanction.
h. *Probation:* A period of oversight during which the Respondent is required to adhere to certain conditions and/or meet certain requirements. Probation is typically used in connection with another sanction.

2. Cease and Desist Orders and Probation

As part of its determination, the BOE may place a person on probation or may order that the Respondent cease and desist from any practice found to be a violation of

the Code of Ethics or Code of Conduct. Failure to comply with probation requirements or with a Cease and Desist Order is, itself, a violation of the Code of Ethics or Code of Conduct; such noncompliance shall normally result in further disciplinary action against the Respondent. The BOE may require the Respondent to attest in writing that they have complied with probation requirements or with a Cease and Desist Order.

**I. Publication and Release of Information**

1. Sanctions With Limited Disclosure

In the case of a Written Warning or Reprimand, the BOE decision shall be disclosed only to the Respondent, Respondent's counsel (if applicable), Complainant(s) (if a Third-Party Complaint), and, when appropriate, to ASHA staff and legal counsel. The Complainant shall be advised that the decision is strictly confidential and that any breach of that confidentiality by Complainant is, itself, a violation of the Code of Ethics or Code of Conduct.

2. Public Sanctions

In the case of a Censure or the Withholding, Suspension, or Revocation of Membership and/or Certification, such sanctions, upon becoming final, shall be (a) published in an ASHA publication that is distributed and available to members and (b) provided to any person or entity requesting a copy of the decision.

3. Notification to Third Parties

In cases where the sanction is Censure or the Withholding, Suspension, or Revocation of Membership and/or Certification, the BOE may provide its Final Decision and relevant case information to third parties as follows:

a. any state agency providing a license to the Respondent, and/or to which the Respondent has applied for a license or other credential, and/or to any state agency located in the state where the Respondent resides or resided;
b. any other professional organization that enforces a code of ethics or a code of professional conduct of which the Respondent is a member or to which the Respondent is an applicant for membership; and
c. as required by law.

**J. Appeal of the Decision After Further Consideration**

1. Appeal Request

The Respondent may appeal the Decision After Further Consideration to a three-person panel of the ASHA Ethics Appeal Panel. The request for appeal shall be in writing and must be received by the BOE no later than thirty (30) days after the date that the notice of the Decision After Further Consideration was sent to the Respondent. If the Respondent appeals the Decision After Further Consideration to the ASHA Ethics Appeal Panel, a copy of the Further Consideration Hearing transcript shall be made available to the Respondent at the Respondent's expense. The Respondent's request for the hearing transcript must be received by the BOE within forty-five (45) days of mailing of the Decision After Further Consideration to the Respondent.

2. Grounds for Appeal

The request for appeal of a Decision After Further Consideration must assert, by clear and convincing evidence, that the BOE did not adhere to procedural requirements and/or that the decision of the BOE was arbitrary and capricious. The ASHA Ethics Appeal Panel may not receive or consider any evidentiary matters that were not included in the official record of the Further Consideration Hearing.

3. Appeal Process

The procedures for a requesting a hearing before the ASHA Ethics Appeal Panel are described in the *Practices and Procedures for Appeals of Board of Ethics Decisions*.

**K. Emergency Suspension**

On rare occasions when the BOE determines, in its sole discretion, that it is necessary to protect the public, the BOE may authorize an emergency suspension when an ASHA member, certificate holder, certified assistant, or the applicant's state license, certification, or registration (a) has been suspended by a government or agency authority on an emergency basis or (b) has been placed on an emergency restriction. The BOE shall review the relevant records available to it and may immediately suspend such an individual's certification and/or membership or deny their application without further proceedings until the relevant agency has made a final determination regarding the individual's state license, certification, or registration. The presence of nine (9) voting members of the full adjudicating body of the BOE shall constitute a quorum for emergency suspension hearings. Approval to suspend on an emergency basis requires a two-thirds vote of those members present at the meeting.

**L. Reinstatement**

1. Petition for Reinstatement

Persons whose ASHA membership and/or certification has been revoked or withheld by the BOE generally may petition the BOE for approval to seek reinstatement of such membership and/or certification at the completion of the revocation or withholding period by submitting a *Petition for Reinstatement*.

2. Suspension

Persons whose ASHA membership and/or certification has been suspended by the BOE are not required to petition for approval from the BOE at the end of their suspension period. Instead, they must contact the ASHA Certification Unit to learn what must be done to bring their membership and/or certification current.

3. Scheduling

Any submitted *Petition for Reinstatement* will be reviewed by the BOE at its next scheduled meeting, assuming that the petition and supporting documentation are sufficient and are received at least sixty (60) days before the meeting.

4. Quorum

The quorum for a reinstatement hearing shall be nine (9) voting BOE adjudication members. Approval to apply for reinstatement requires a two-thirds vote of those BOE members present at the meeting.

5. Burden of Proof

In all cases, the individual bears the burden of demonstrating, by a preponderance of the evidence, that the conditions that led to revocation or withholding have been rectified and that, if reinstated, the individual is likely to abide by the Code of Ethics or Code of Conduct. BOE deliberations will be guided by the premise that reinstatement must be in the best interests of ASHA, the professions, and the persons served professionally. The BOE may inquire—to the extent relevant—about restitution, rehabilitation, continuing education, remediation, substance abuse, employment, change(s) in lifestyle, health considerations (if health considerations have been raised or relied upon by the Respondent at any stage of the proceeding), and acknowledgment of violations found. The BOE may set any conditions subsequent or any requirements that it deems necessary for the protection and benefit of the public and the professions, including the taking and passing of an ethics exam.

6. Approval of Petition

If the BOE approves a *Petition for Reinstatement,* the individual may then (a) apply for reinstatement of ASHA certification in accordance with the policies and

procedures set forth by the Council for Clinical Certification in Audiology and Speech-Language Pathology (CFCC) and/or (b) apply for ASHA membership in accordance with the requirements that are in effect at the time of application. The CFCC defines the standards for clinical certification, applies those standards in granting certification to individuals, and has final authority to deny or withdraw certification.

7. Refusal of Petition

If the BOE denies a *Petition for Reinstatement,* the BOE will provide guidance to the individual as to if and when they may re-petition the BOE.

## IV. Amendment

This statement of Practices and Procedures may be amended upon a majority vote of the BOE members and upon approval of the ASHA Board of Directors.

## V. BOE Mailing and Email Address for Complaints, Self-Reports, and Responses

American Speech-Language-Hearing Association
attn: Board of Ethics
2200 Research Boulevard, #309, Rockville, MD 20850
ethics@asha.org

## VI. Terminology

- *appeal:* A written request from the Respondent, after the receipt of the proposed Decision After Further Consideration, asking that the decision be reversed, in whole or in part, by the ASHA Ethics Appeal Panel. An appeal must assert, by clear and convincing evidence, that the BOE did not adhere to its procedural requirements and/or that the decision of the BOE was arbitrary or capricious.
- *ASHA-certified assistant:* An individual who holds the ASHA credential of Certified Audiology Assistant (C-AA) or Certified Speech-Language Pathology Assistant (C-SLPA).
- *Association:* American Speech-Language-Hearing Association (ASHA)
- *BOE-Initiated Complaint:* A complaint filed by the BOE. It is one of the three main categories of complaints that may be reviewed by the BOE.
- *clear and convincing evidence:* The burden of proof required for appeal hearings. The standard is met when it is highly probable that the Respondent's version of the facts is true.
- *Codes:* Collectively, ASHA's Code of Ethics and Code of Conduct.
- *certificate holder:* An individual who holds the credential of Certificate of Clinical Competence in Audiology (CCC-A) or Certificate of Clinical Competence in Speech-Language Pathology (CCC-SLP).
- *Complainant(s):* The person(s) alleging that a violation of the Code of Ethics or Code of Conduct occurred. In BOE-Initiated Complaints, the BOE is the Complainant.

- *Decision After Further Consideration:* The decision made after the Further Consideration Hearing that determines whether or not a violation of the Code of Ethics or Code of Conduct occurred.
- *de minimis:* An alleged Code of Ethics or Code of Conduct violation that fails to present an issue sufficient enough to formally sanction a Respondent.
- *dismissal:* A decision by the BOE Chair or the BOE to terminate a case without imposing a sanction.
- *Final Decision:* The ultimate determination regarding whether or not a violation of the Code of Ethics or Code of Conduct occurred after all opportunities for appeal have been exhausted or declined.
- *Further Consideration Hearing:* A hearing conducted by a quorum of the voting adjudication body of the BOE to review its Initial Determination. The Respondent attends this hearing by appearing (a) in person at the ASHA National Office or (b) through a phone or video conference. In certain circumstances, a Further Consideration decision may be appealed in order to appeal an Ethics Appeal Panel.
- *ICH Panel:* A panel, comprised of at least six (6) voting members of the adjudicating body of the BOE, that reviews cases and renders decisions at Initial Consideration Hearings.
- *Initial Consideration Hearing:* A hearing conducted by an ICH Panel of the BOE to perform the initial review of a complaint or self-report. Respondents, Complainants, and their legal counsel or representatives are not permitted to attend or participate in Initial Consideration hearings.
- *Initial Determination:* The decision made at an Initial Consideration Hearing that determines whether or not a violation of the Code of Ethics or Code of Conduct occurred.
- *may* vs. *shall: May* denotes an allowance for discretion; *shall* denotes something that is required.
- *Petition for Reinstatement After Violation of the ASHA Code of Ethics:* Something that a Respondent who has received a sanction of Revocation or Withholding of Membership and/or Certification for any period of time may pursue once the revocation or withholding period has ended. Filing for this petition is how a Respondent can pursue reinstatement of their ASHA certification. To do so, the Respondent must first successfully petition the BOE to seek reinstatement of membership and/or certification after the end of the revocation or withholding period. The Respondent may only apply to the ASHA Certification Unit for reinstatement of ASHA membership and/or certification once approval is received from the BOE.
- *preponderance of the evidence:* The burden of proof for Initial Consideration Hearings and Further Consideration Hearings. This standard is met when the evidence shows that the alleged Code of Ethics or Code of Conduct violation more likely than not did occur.
- *"publicly disciplined":* When a Respondent is the subject of a formal disciplinary action of public record, such as a published state licensing decision.
- *public member:* An individual who is not a current or former audiologist, speech-language pathologist, assistant, student, or member of ASHA.
- *quorum:* The minimum number of voting members of the BOE required to adjudicate a case.

- *Reply:* The optional written submission by the Complainant in answer to the Respondent's Response.
- *Respondent:* The ASHA member, ASHA certificate holder, ASHA-certified assistant, or applicant for ASHA certification who is alleged to have violated the Code of Ethics or Code of Conduct.
- *Response:* The written submission by the Respondent in answer to a complaint filed against them.
- *sanction(s):* Penalties imposed by the BOE.
- *Second Response:* The Respondent's optional written submission in response to the Complainant's Reply.
- *Self-Report* or *self-reporting:* An act initiated by an individual when they report the criminal action or professional discipline taken against them pursuant to Principle IV, Rules T and U of the Code of Ethics—or Principle III, Fundamentals O and P of the Code of Conduct. A Self-Report is one of the three main categories of complaints that may be reviewed by the BOE.
- *shall* vs. *may: Shall* denotes something that is required; *may* denotes an allowance for discretion.
- *Third-Party Complaint:* A complaint filed by an individual against an ASHA member, ASHA certificate holder, ASHA-certified assistant, or applicant for ASHA certification. It is one of the three main categories of complaints that may be reviewed by the BOE. Self-Reports and BOE-Initiated Complaints are not considered Third-Party Complaints.

**Reference this material as follows:**
American Speech-Language-Hearing Association. (2024). *Practices and procedures of the Board of Ethics* [Ethics]. www.asha.org/policy/

© Copyright 2024 American Speech-Language-Hearing Association. All rights reserved.

*Disclaimer:* The American Speech-Language-Hearing Association disclaims any liability to any party for the accuracy, completeness, or availability of these documents or for any damages arising out of the use of the documents and any information that they contain.