ASHA
American
Speech-Language-Hearing
Association

# CONFIDENTIAL

**Certified, Return Receipt Requested U.S. Mail, Restricted Delivery**
70112970000334330322

November 4, 2025

Connor Jackson, Esq.
1817 Church St.
Evanston, IL 60611
*connor@jacksonllp.com*

**Re:** **Ethics Complaint Number:** BE 25-003
**Respondent:** Roderick Wright

Dear Mr. Jackson:

Enclosed please find the *Decision After Further Consideration* of the Board of Ethics (the "Board") of the American Speech-Language-Hearing Association in the above-referenced matter. The Board has **affirmed** its *Initial Determination* findings and the proposed sanction.

Mr. Wright's rights of appeal are described at the end of the *Decision After Further Consideration* and in the enclosed *Practices and Procedures for Appeals of Board of Ethics Decisions* (2024). If Mr. Wright seeks to appeal this matter, their request must be received within thirty (30) days of the date of this letter. An appeal request can be sent U.S. mail or via email to ethics@asha.org.

The appeal request must assert, by clear and convincing evidence, that the Board (1) did not adhere to procedural requirements and/or (2) issued a decision that was arbitrary and capricious.

Please contact the ASHA Ethics Office at ethics@asha.org if you have any questions.

Sincerely,

Katharine F. Meyer

Katharine F. Meyer, Esq.
Senior Director of Ethics

Enclosure

cc: Michele Simler, MS, CCC-SLP, FNAP Chair, ASHA Board of Ethics
Roderick Wright

American Speech-Language-Hearing Association
Attn: Ethics Office – Ethics Appeal Panel
2200 Research Blvd. #309
Rockville, MD 20850

Re: Ethics Case BE 25-003 – Appeal of November 4, 2025 Decision After Further Consideration

December 2, 2025

To the Ethics Appeal Panel:

I, Roderick Wright, hereby appeal the November 4, 2025 "Decision After Further Consideration" in Ethics Case BE 25-003 to the Ethics Appeal Panel.

This appeal is submitted within ASHA's stated 30-day window (ASHA's counsel has represented to the federal court that I may appeal through December 4, 2025).

I contend that the Board of Ethics' decision is arbitrary and capricious and not supported by the record, and that it fails to follow ASHA's own standards and obligations, for at least the following reasons:

1. Wrong CF start date and wrong standard applied
   The record before the Board shows that my Clinical Fellowship (CF) began in 2022, not 2023, including the December 8, 2022 email from APS Telepractice Manager Victoria Hanawalt confirming that I began my CF experience before December 31, 2022 and was eligible to complete it via telepractice.

Despite this, the Board treated my CF as if it began in 2023 and applied the 2023 telepractice standard that includes a 25% cap on telepractice hours. That standard only applies to CF experiences beginning on or after January 1, 2023, so it does not apply to my CF.

2. ASHA's own standards confirm my telepractice eligibility
   ASHA's 2020 Speech-Language Pathology certification standards, and related CFCC guidance already in ASHA's possession, state that CFs beginning on or before December 31, 2022 may complete their CF using the 2022 telepractice guidelines for the entirety of the CF experience, including up to 100% of direct hours via telepractice.

Given the documented 2022 CF start date in the Hanawalt email, my telepractice hours were fully consistent with the standard that actually applied to me. The Board's decision to

revoke my certification based on a 25% telepractice cap that only applies to CFs beginning in 2023 is contrary to ASHA's own rules and is not supported by the record.

3. Failure to fairly address my ADA accommodation request
   The record also shows that I submitted a formal ADA accommodation request, supported by medical documentation, requesting asynchronous, written-only communication and other reasonable modifications so that I could fairly participate in the Further Consideration process. ASHA acknowledged receipt of this request and my provider's letter, and later stated that written-only communication was approved.

However, ASHA did not meaningfully implement or honor that request. Among other things, ASHA continued to route critical ethics communications primarily through my attorneys, refused to engage with me directly after I asserted my ADA rights, and did not clearly confirm or explain how my requested accommodations would be provided during the Further Consideration Hearing. This handling did not provide a truly accessible process or address the specific needs outlined in my ADA request and medical documentation.

For these reasons, I respectfully request that the Ethics Appeal Panel:

1. Reverse the revocation of my CCC credential in Ethics Case BE 25-003; and
2. Dismiss the ethics complaint.

Thank you for your consideration.

Sincerely,

Roderick Wright

Roderick Wright
6181 Lake Michigan Drive, #103
Allendale, MI 49401
Email: wrightiir@yahoo.com
Phone: (616) 990-9284

Enclosures:

1. November 4, 2025 Decision After Further Consideration (BE 25-003)
2. December 8, 2022 email from Victoria Hanawalt (CF start before 12/31/2022)