# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODERICK WRIGHT,

Plaintiff,

Case No. 1:25-cv-1367
Hon. Paul L. Maloney

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

---

# DECLARATION OF KATHARINE MEYER

---

STATE OF MARYLAND )
)
COUNTY OF MONTGOMERY )

The undersigned, having been duly sworn, hereby swears and attests to the following:

1. My name is Katharine Meyer. I am over the age of 18 years old, and I make this declaration based on my own personal knowledge.

2. I have reviewed Plaintiff's Brief in Support of Motion for Declaratory Judgment and Plaintiff's Brief in Support of MSD re Count III. *ECF Nos. 91-1 and 92-1.*

3. I am employed as the Senior Director of Ethics of the American Speech-Language-Hearing Association.

4. I have personal knowledge of the Board of Ethics proceedings as it relates to the review of ethics violations, including past precedent.

5. I have personal knowledge of Plaintiff's Application for the Certificate of Clinical Competence, including the Board of Ethics review process.

6. Plaintiff mischaracterizes the purpose of my August 6, 2024 "ethics consult" to the certification department.

7. The purpose of that consult was to determine if Plaintiff's case should go before the Board of Ethics or the Council for Clinical Certification.

8. I advised leadership to be consistent with their past precedent and cautioned leadership that keeping a person certified that did not meet the certification requirements was problematic.

9. I do not have any decision-making authority as it relates to Plaintiff's Certificate of Clinical Competence, nor do I have any decision-making authority on any sanctions related to same. In addition, I do not vote on any sanction issued by the Board of Ethics.

10. The Board of Ethics, which is comprised of Plaintiff's peers, including speech-language pathologists, audiologists and two public members, is the sole authority on any sanctions, including revocation.

11. As it relates to the Board of Ethics proceeding, Plaintiff inaccurately states that a sanction was decided in his case before a vote by the Board.

12. The lead reviewer for each case decides on a proposed sanction that they are going to recommend to the Board of Ethics before a hearing. The Board of Ethics then either accepts or rejects that sanction at the hearing.

13. It is common for the Board of Ethics to decide on a different sanction than the one proposed by the lead reviewer.

14. Plaintiff incorrectly alleges that he never received the Board's rationale. However, this is inaccurate as the decision letter, which provided the Board's rationale for its determination on Plaintiff's violation of the ethics rules, was provided to Plaintiff.

15. Further, all documents and written arguments that Plaintiff provided were given to the Board of Ethics for their review.

16. Plaintiff incorrectly represents that the time entered in the Clinical Fellowship portal represents verified time by ASHA.

17. The Clinical Fellowship Portal referenced by Plaintiff (PageID.2532) does not establish time that was ***credited.***

18. The portal simply reflects the hours/weeks entered into each report, but then subsequently displays that ***the time was not verified.***

FURTHER AFFIANT SAYETH NOT.

DATE: 9/11/26 Signature: [signature]

Katharine Meyer



63121674.2