UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,
Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,
Defendant.

Case No. 1:25-cv-01367-PLM-MV
Hon. Paul L. Maloney
Magistrate Judge Maarten Vermaat

**PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF KATHARINE MEYER AND RULE 56(h) MOTION**

Plaintiff Roderick Wright, pro se, objects under Fed. R. Civ. P. 56(c)(2) and 56(c)(4) to paragraphs 6, 7, 8, 10, 11, 13, 14, 15, 16, and 18 of the Declaration of Katharine Meyer, which Defendant filed as Exhibit A to each of its responses to Plaintiff's motions for summary judgment (ECF No. 94-1, PageID.2658-2661; ECF No. 95-1, PageID.2686-2689), and moves under Fed. R. Civ. P. 56(h) for a determination that those paragraphs were submitted in bad faith.

The grounds, set out in the accompanying brief, are that each identified paragraph does one of four things: it states as fact something Defendant's own documents show is false; it states no fact at all; it states the declarant's opinion of Plaintiff's briefs rather than a fact within her personal knowledge; or it quotes a document in part and leaves out the rest. Defendant was told in writing on September 21, 2026, paragraph by paragraph, which of its own documents contradicted the declaration, and was asked to withdraw or correct each paragraph. It did neither. It was told on September 28, 2026 that relief under Rule 56(h) would be sought. It did not respond. Plaintiff does not object to paragraphs 1 through 5, 9, 12, or 17.

Plaintiff does not ask that the declaration be removed from the docket. He asks that the Court say, on the record, what the identified paragraphs are.

**RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. Determine under Fed. R. Civ. P. 56(h) that paragraphs 6, 7, 8, 10, 11, 13, 14, 15, 16, and 18 of the Declaration of Katharine Meyer were submitted in bad faith;

2. As the appropriate sanction under Rule 56(h), order that those paragraphs not be considered in deciding Plaintiff's Motion for an Order Under Rule 56(g) (ECF No. 91) and Plaintiff's Motion for Summary Judgment on Count III (ECF No. 92), and award Plaintiff the reasonable expenses he incurred as a result of the submission;

3. In the alternative, if the Court declines to make the determination requested in paragraph 1, sustain Plaintiff's objections under Rules 56(c)(2) and 56(c)(4) and order that the identified paragraphs not be considered in deciding ECF Nos. 91 and 92; and

4. Grant such further relief as the Court finds appropriate.

**CERTIFICATE OF CONCURRENCE**

Plaintiff Roderick Wright certifies that, pursuant to LCivR 7.1(d), he has attempted to obtain the position of opposing counsel regarding this motion. On September 21, 2026, Plaintiff emailed counsel for Defendant to request concurrence, identifying each paragraph at issue and the basis for the objection to it, asking that each paragraph be withdrawn or corrected, and establishing a response deadline of September 25, 2026 at 5:00 p.m. Eastern. Plaintiff received

no response. On September 28, 2026, Plaintiff emailed counsel again, in the same thread, stating that the motion would also seek relief under Fed. R. Civ. P. 56(h) and establishing a response deadline of September 30, 2026 at 5:00 p.m. Eastern. As of the time of this filing on October 5, 2026, Plaintiff has received no response from counsel, and concurrence is deemed denied. A copy of the email thread containing both emails, as sent, is attached as Exhibit 1.

Respectfully submitted,

Dated: October 5, 2026

/s/ Roderick Wright
Roderick Wright
6181 Lake Michigan Drive, #103
Allendale, MI 49401
(616) 990-9284
wrightiir@yahoo.com
Plaintiff, pro se