**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RODERICK WRIGHT,

Plaintiff,

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,

Defendant.

Case No. 1:25-cv-1367
Hon. Paul L. Maloney

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF KATHARINE MEYER AND RULE 56(h) MOTION

## I. INTRODUCTION

Defendant American Speech-Language-Hearing Association ("ASHA") submits this Response in Opposition to Plaintiff Roderick Wright's Objections to the Declaration of Katharine Meyer and Rule 56(h) Motion (ECF No. 99-1). The objections should be overruled and the Rule 56(h) motion denied.

Plaintiff does not contend that Ms. Meyer lacks personal knowledge of the matters she describes. Nor could he. Ms. Meyer is ASHA's Senior Director of Ethics, and her declaration expressly rests on her personal knowledge of Board of Ethics proceedings, including past precedent, and of Plaintiff's application and the Board of Ethics review process. **PageID.2688.** Plaintiff concedes that

he does not challenge paragraphs 1 through 5, 9, 12, or 17, and he affirmatively relies on several of them. **PageID.2766.**

What Plaintiff actually challenges are whether ten paragraphs are *correct*. He argues that ASHA's internal documents, read his way, point to a different conclusion. That is a merits disagreement, not an evidentiary defect. Rule 56(c)(2) asks whether material "cannot be presented in a form that would be admissible in evidence"; it does not invite the Court to strike sworn testimony because the opposing party believes other evidence contradicts it. And Rule 56(h) is reserved for declarations submitted in bad faith or solely for delay. A party's refusal to withdraw sworn testimony at its opponent's demand is not bad faith. It is the ordinary adversarial process.

Finally, the motion is largely beside the point. Under controlling Sixth Circuit authority, this Court's review of ASHA's ethics decision is confined to whether the decision was arbitrary and unreasonable and supported by substantial evidence on the record before the Board. *Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 712–13 (6th Cir. 2006). ASHA's responses rest on that record. **PageID.2649–2651; PageID.2680–2681.** The Meyer Declaration supplies context; it is not the foundation of ASHA's position.

## II. BACKGROUND

On September 14, 2026, ASHA filed its responses to Plaintiff's Motion for Summary Judgment on Count III and his Rule 56(g)/Declaratory Judgment Motion. ECF Nos. 94, 95. Each attached the Declaration of Katharine Meyer, executed September 11, 2026. **PageID.2686–2689.** On September 21, 2026, Plaintiff emailed defense counsel under LCivR 7.1(d) seeking concurrence in a motion addressed to the declaration, and on September 28 he advised that the motion would also seek relief under Rule 56(h). **PageID.2781–2784.** ASHA did not concur. Plaintiff filed the present objections and motion on October 5, 2026. ECF No. 99-1.

## III. LEGAL STANDARD

A declaration used to support or oppose summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A party may object that cited material "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The standard under Rule 56(c)(2) "is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *Foreward Magazine, Inc. v. OverDrive, Inc.,* 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011). The question under Rule 56(c)(2) is admissibility in substance, not

whether the opposing party agrees with the testimony. Where a declarant's statements are disputed by other evidence, the conflict goes to weight, which is not resolved by striking the testimony.

When objections are sustained, courts "use 'a scalpel, not a butcher knife'" and disregard only the inadmissible portions. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (quoting *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007)). Courts are fully capable of disregarding characterizations of a party's briefing without a formal ruling striking them.

Rule 56(h) permits sanctions only "[i]f satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay." Fed. R. Civ. P. 56(h). The rule is discretionary ("may order"), and its text requires the Court to be *satisfied* of bad faith or a sole purpose of delay. Courts have found "bad faith" in the context of Rule 56 only "where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Sutton v. U.S. Small Bus. Adm.,* 92 Fed.App'x 112, 118 (6th Cir. 2003). Imprecision, a contested characterization, or a factual dispute does not meet that standard. *See Stalley v. Methodist Healthcare,* 517 F.3d 911 (6th Cir. 2008) (noting that Courts should exercise its sanction power with restraint); *see also Abdelkhaleq v. Precision Door of Akron,* 653 F.Supp.2d 773

(N.D. Ohio 2009) (Sanctions under Rule 56 are rare and the conduct involved must be egregious).

## IV. ARGUMENT

### A. THE OBJECTIONS CHALLENGE THE WEIGHT OF THE TESTIMONY, NOT ITS ADMISSIBILITY.

Plaintiff's central theme is that certain paragraphs are "false" because, in his view, other documents in ASHA's production contradict them. **PageID.2765.** That is not a ground for exclusion under Rule 56(c)(2) or (c)(4). Plaintiff does not contend that Ms. Meyer would be incompetent to testify at trial as to the role of the Board of Ethics, the Board's sanction practice, the materials provided to the Board, or the function of ASHA's Clinical Fellowship portal. Each falls squarely within the personal knowledge she attests to and Plaintiff does not contest. **PageID.2688.** If Plaintiff believes other record evidence points elsewhere, the remedy is argument, not exclusion.

Plaintiff's own framing confirms the point. He says the motion's purpose is that these paragraphs are "the only record support" for four propositions in ASHA's responses and that, if they fail, the Court should not "weigh them." **PageID.2778–2779.** That is a request to resolve the merits through an evidentiary motion. It should be rejected.

### B. EACH CHALLENGED PARAGRAPH IS PROPERLY BEFORE THE COURT.

#### 1. Paragraphs 6, 7, and 8 — the August 6, 2024, Ethics Consult.

**Paragraph 6.** Plaintiff argues that his briefs never characterized the "purpose" of Ms. Meyer's August 6, 2024, communication. **PageID.2767–2768.** But Plaintiff concedes that his summary-judgment brief argued that Ms. Meyer "pre-judged the case" and relied on the August 6, 2024, communication in doing so. *Id.;* **PageID.2767–2768, 2770, 2572.** ASHA's response addressed precisely that argument. **PageID.2652.** Paragraph 6 is a fair, if summary, description of the thrust of Plaintiff's argument. To the extent the Court views it as a characterization of a brief, the Court can read the brief itself; no finding of falsity, much less bad faith, follows.

**Paragraph 7.** Ms. Meyer authored the August 6, 2024, consult. She is the person best positioned to testify to its purpose. Plaintiff's contrary reading is drawn from inferences he draws from the documents. **PageID.2768–2769.** Indeed, the language Plaintiff quotes — that "the CFCC could file a complaint against him with the BOE after it has revoked his certification" — expressly addresses the roles of the two bodies and how the matter would proceed between them. *Id.* That is consistent with paragraph 7, not contrary to it. At

most, Plaintiff identifies a dispute about how to read the document, which goes to weight.

**Paragraph 8.** Federal Rule of Evidence 106 is a rule of completeness, not exclusion. It permits an adverse party to require introduction of the remainder of a statement that in fairness ought to be considered. Fed. R. Evid. 106. Plaintiff acknowledges that the "whole communication is at PageID.770-772." **PageID.2769.** The full document is therefore already before the Court, and any Rule 106 concern is satisfied. There is nothing to strike.

**2. Paragraph 10 — the Board of Ethics as sanctioning authority.**

Paragraph 10 states that the Board of Ethics, comprised of Plaintiff's peers and two public members, "is the sole authority on any sanctions, including revocation." **PageID.2688**. Plaintiff responds that the CFCC has "final authority to deny or withdraw certification" and points to the CFCC's certification revocation appeal procedures. **PageID.2769–2770.**

These are not inconsistent. Paragraph 10 describes ASHA's ethics process, the process that actually decided this case. The CFCC materials Plaintiff cites describe a separate certification pathway under which the CFCC may itself withdraw certification. **PageID.2785–2786.** The existence of that separate pathway does not mean the Board of Ethics lacks authority to impose sanctions,

including revocation, in an ethics proceeding. Here, it is undisputed that the matter proceeded as an ethics complaint before the Board of Ethics, and that the Board voted on the sanction at Initial Consideration (7–0) and again at Further Consideration (13–0). **PageID.2650, 2773**. Plaintiff's own brief identifies the sanction as one the Board "affirmed." **PageID.2777.**

Plaintiff's real argument is that ASHA's governing documents should have routed his case to the CFCC rather than the Board of Ethics. **PageID.2770.** That is a merits argument about ASHA's interpretation of its own rules — an interpretation entitled to deference. *Cooley*, 459 F.3d at 712–14. It is not a basis to strike testimony from ASHA's Senior Director of Ethics about how ASHA's ethics process operates.

**3. Paragraphs 11 and 12 — Proposed Versus Decided Sanctions.**

Plaintiff contends that paragraph 11 rebuts a statement he never made. **PageID.2770.** But ASHA's response quoted Plaintiff's own brief alleging that a "sanction was elected before any vote." **PageID.2654, 2585.** Paragraph 11 responds to that assertion.

Nor do paragraphs 11 and 12 contradict one another. Paragraph 12 explains that the lead reviewer decides on a *proposed* sanction to recommend before the hearing, and the Board "then either accepts or rejects that sanction

at the hearing." **PageID.2689.** A recommendation is not a decision. Paragraph 11 states simply that the sanction was not decided before the Board voted. The two paragraphs together describe a common process: a reviewer recommends, and the deciding body decides. Plaintiff concedes as much when he acknowledges that "[t]he only word between them is 'proposed.'" **PageID.2771.** That word is the difference between a recommendation and a decision. As ASHA explained, organizations routinely prepare draft findings before hearings; that is standard practice, not prejudgment. **PageID.2651.**

Plaintiff's timeline argument — that Ms. Meyer expressed a view about revocation on May 11, 2025, and that the Board ultimately imposed the same sanction, **PageID.2771** — again goes to the merits of his prejudgment theory. It does not render paragraph 11 inadmissible. And Plaintiff relies on paragraph 9, which confirms that Ms. Meyer has no decision-making authority on sanctions and does not vote on any Board of Ethics sanction. **PageID.2688.**

#### 4. Paragraph 13 — Board practice regarding proposed sanctions.

Plaintiff argues that paragraph 13 "states no fact." **PageID.2772**. It does: it states, based on Ms. Meyer's personal knowledge of Board of Ethics proceedings including past precedent, that the Board commonly decides on a sanction different from the one proposed by the lead reviewer. That is a

statement of fact about an institutional practice, made by the official responsible for the ethics function. Rule 56(c)(1)(A) identifies "affidavits or declarations" as record materials on which a party may rely. A sworn declaration describing an organization's practice need not attach every underlying file to be admissible; the absence of further detail goes to weight.

Plaintiff's Rule 37(c)(1) argument also fails. Rule 37(c)(1) applies to a failure to provide information or identify a witness as required by Rule 26(a) or (e). Plaintiff does not identify any disclosure obligation or discovery request that called for documentation of “past precedent” or other Board Matters involving ASHA’s lead reviewer process/sanction recommendation versus Board adoption. Moreover, any such failure would be harmless: the point is collateral to the question before the Court, which is whether the Board's decision in *this* case was arbitrary or unsupported by substantial evidence. *Cooley*, 459 F.3d at 712–13.

### 5. Paragraph 14 — the Board's Rationale.

Plaintiff insists that he never alleged he did not receive the Board's rationale. **PageID.2772.** But ASHA's response quoted Plaintiff's brief asserting that "the rationale that actually decided the case was never delivered to him in writing." **PageID.2653.** Paragraph 14 responds to that assertion by stating that

the decision letter, which provided the Board's rationale, was provided to Plaintiff. **PageID.2689.**

More importantly, Plaintiff confirms that paragraph 14 is accurate. He acknowledges he "had it; he quoted it," and that he received multiple decision letters at each stage of the proceeding. **PageID.2772–2773.** A paragraph Plaintiff admits is true cannot have been submitted in bad faith. Plaintiff's complaint that paragraph 14 does not specify which letter or does not address his separate argument about why ASHA treats his fellowship as beginning in 2023, *Id.,* goes at most to scope, not admissibility.

### 6. Paragraph 15 — Materials Provided to the Board.

Paragraph 15 states that "all documents and written arguments that Plaintiff provided were given to the Board of Ethics for their review." **PageID.2689.** That is a straightforward factual statement within Ms. Meyer's personal knowledge of the Board of Ethics review process in Plaintiff's case — knowledge Plaintiff does not challenge. **PageID.2688**. Plaintiff's complaint that it does not specify by whom, on what date, or in what form, **PageID.2773,** goes to the level of detail, not admissibility. Plaintiff was free to explore those details in discovery, including but not limited to obtaining the deposition of Ms. Meyer. However, Plaintiff chose not to engage in any depositions.

Plaintiff's argument about the December 8, 2022, email actually supports paragraph 15. Plaintiff states that his counsel attached the *complete* email and objected to the excerpted version on March 3, 2025, more than three months before the Board voted. **PageID.2774.** Paragraph 15 confirms that Plaintiff's submissions — which, by his own account, included the complete email and his objection — were provided to the Board. Whether the Board adequately addressed that objection is a merits question about the fairness of the proceeding, not an evidentiary defect in the declaration.

**7. Paragraphs 16 and 18 — the Clinical Fellowship Portal.**

Plaintiff's objection to paragraphs 16 and 18 collapses on his own description of the portal. Plaintiff acknowledges that the portal displays two separate columns, "Time Reported by You" and "Time Accepted by ASHA," and that it states: "Once it is reviewed/approved by ASHA, total weeks and hours approved will show below." **PageID.2774–2775, 2454.** He agrees that "[t]he mentor verifies the time; Defendant approves it." **PageID.2775.**

That is ASHA's point. Paragraph 16 states that the time entered in the portal does not represent time verified by ASHA. Paragraph 17 — which Plaintiff does not challenge — states that the portal "does not establish time that was credited." **PageID.2689.** Paragraph 18 explains that the portal reflects the hours and weeks entered into each report and then displays that the time

was not verified, i.e., not accepted by ASHA. *Id.* Read in context, paragraph 18 refers to ASHA's verification and acceptance, which Plaintiff concedes is separate from mentor verification and was pending. Plaintiff's disagreement is over terminology, not substance. And ASHA's position that portal entries "are data points, not adjudications," **PageID.2678**, is fully supported by the portal language Plaintiff himself quotes.

To the extent Plaintiff reads ASHA's prior briefing as accusing him of claiming ASHA-verified time, paragraph 16 responds to Plaintiff's continued reliance on the portal's "10/17/22" entry as if it were ASHA's own determination of his start date. **PageID.2653, 2576**. As ASHA explained, that date is pulled from the report the applicant submits, not entered by ASHA staff. *Id.*

### C. There Is No Basis for a Finding of Bad Faith Under Rule 56(h).

Plaintiff's bad-faith theory rests on four points: (1) the declaration responds to statements he says his briefs do not contain; (2) it allegedly misdescribes ASHA's rules and portal; (3) paragraphs 11 and 12 are allegedly contradictory; and (4) ASHA did not withdraw the paragraphs after his concurrence emails. **PageID.2776–2777**. None of these allegations support the imposition of sanctions.

*First*, as shown above, paragraphs 6, 11, and 14 respond to arguments Plaintiff actually made, and ASHA's briefs quote the language to which they respond. **PageID.2652–2654.** Plaintiff's disagreement with how his arguments were summarized is not evidence of bad faith.

*Second*, Plaintiff's contention that paragraphs 10, 16, and 18 "misdescribe" ASHA's rules and portal is a contest over interpretation. Plaintiff concedes key portions of each — that the Board voted on and affirmed the sanction, and that ASHA's approval of portal time is separate from mentor verification. PageID.2775, 2777. A good-faith disagreement about the proper reading of an organization's governing documents is the opposite of bad faith.

*Third*, paragraphs 11 and 12 are consistent: one describes a proposed sanction, the other confirms that the decision was the Board's. Plaintiff's argument depends on erasing the distinction between a recommendation and a decision.

*Fourth*, ASHA's decision not to concur in Plaintiff's motion is not bad faith. LCivR 7.1(d) requires a moving party to seek concurrence; it does not oblige the non-movant to concede, respond within the movant's self-imposed deadline, or withdraw sworn testimony it believes is accurate. Plaintiff's emails asserted that each paragraph was inaccurate and demanded withdrawal or correction. **PageID.2781–2783.** ASHA disagreed, and its declarant's testimony

stands. Declining to accept an opponent's characterization of the evidence is how adversarial litigation is supposed to work. Plaintiff's theory — that a party "adopt[s] [testimony] knowingly" and in bad faith whenever it declines to withdraw testimony after the opposing party disputes it, **PageID.2776–2777**, — would convert every contested declaration into a sanctions dispute.

Nor is there any suggestion that the declaration was submitted "solely for delay." It was filed with ASHA's timely responses to Plaintiff's own motions. **PageID.2686–2689**.

## V. CONCLUSION

For these reasons, ASHA respectfully requests that the Court overrule Plaintiff's Objections to the Declaration of Katharine Meyer, deny Plaintiff's Rule 56(h) Motion in its entirety, and decline to award Plaintiff any expenses or sanctions.

Respectfully Submitted,

PLUNKETT COONEY

Dated: October 16, 2026

By: /s/Joshua J. Trombley
Joshua J. Trombley (P78858)
Attorneys for Defendant
333 Bridge Street, NW, Suite 530
Grand Rapids, MI 49504
(616) 752-4617
jtrombley@plunkettcooney.com

## CERTIFICATE OF COMPLIANCE (LCivR 7.2(b)(ii)

I, Joshua J. Trombley, certify that the accompanying Response in Opposition to Plaintiff Roderick Wright's Objections to the Declaration of Katharine Meyer and Rule 56(h) Motion complies with the word count limitations of this Court.

I further certify that this document, excluding the parts of the document exempted by LCivR 7.2(b)(i), contains 3063 words.

This certification is made in reliance on the word-count function of the word processing system Microsoft Word, used to prepare this document.