UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,
Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,
Defendant.

Case No. 1:25-cv-01367-PLM-MV
Hon. Paul L. Maloney
Magistrate Judge Maarten Vermaat

**PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 56(c)(2) AND 56(c)(4) FOR AN ORDER THAT THE MEYER DECLARATION (ECF NOS. 94-1, 95-1) NOT BE CONSIDERED**

Plaintiff objects under Fed. R. Civ. P. 56(c)(2) to the Meyer Declaration (ECF Nos. 94-1, 95-1). The filed copies contain neither a jurat documenting an administered oath nor a statement under penalty of perjury as 28 U.S.C. § 1746 requires. As filed, the document is neither an affidavit nor a declaration, and the Court cannot consider it.

Plaintiff Roderick Wright, pro se, moves under Fed. R. Civ. P. 56(c)(2) and 56(c)(4) for an order that the document titled "Declaration" of Katharine Meyer, filed by Defendant as ECF No. 94-1 and again as ECF No. 95-1, not be considered for any purpose in deciding the summary-judgment motions (ECF Nos. 80, 91, and 92) or the objections to the Report and Recommendation (ECF No. 101).

The document states that Ms. Meyer, "having been duly sworn, hereby swears and attests to the following" (ECF No. 95-1, PageID.2687). The filed copies bear one signature, hers. No jurat, notarial certificate, or other officer's signature appears, and the document does not contain the statement under penalty of perjury that 28 U.S.C. § 1746 requires (ECF No. 94-1,

PageID.2658–2661; ECF No. 95-1, PageID.2686–2689). Defendant nonetheless describes it to the Court as "sworn testimony" (ECF No. 100, PageID.2791, 2803).

On October 19, 2026, Plaintiff asked Defendant's counsel in writing to file the complete declaration, including any notarial certificate, by 5:00 p.m. on Friday, October 23, 2026 (Exhibit 1). Defendant's counsel replied that "this issue appears to be moot" (*id.*). No complete declaration was filed by that time, or since. The last entry on the docket is the Report and Recommendation (ECF No. 101).

An unsworn statement cannot be considered on summary judgment. The circumstances show that this declaration was not sworn. The issue is not moot: the Report and Recommendation is a recommendation, the declaration remains in the record on de novo review under LCivR 72.3(b), it is filed a second time as ECF No. 95-1, which the Report and Recommendation does not mention, and Defendant continues to call it sworn testimony. The grounds are stated in the accompanying brief.

As stated in the separately filed certificate, Plaintiff requested Defendant's concurrence in writing under LCivR 7.1(d). Concurrence was sought and not obtained.

Plaintiff respectfully requests that the Court order that ECF Nos. 94-1 and 95-1 not be considered for any purpose in deciding ECF Nos. 80, 91, and 92 or the objections to ECF No. 101. If the Court resolves those matters without relying on either copy, Plaintiff requests that its order say so.

If the Court permits Defendant to file a new affidavit or declaration under Fed. R. Civ. P. 56(e)(1), Plaintiff requests that (1) the new document be filed and identified separately; (2) Plaintiff be given an opportunity to respond to it before the Court relies on it; and (3) the record

reflect that the September 11, 2026 document, as filed and as described to the Court, bore no jurat and no statement under penalty of perjury.

If the Court denies this motion, Plaintiff respectfully requests that the Court state its reasons, so that the record is complete for review. Plaintiff preserves each request for appeal.

Respectfully submitted,

Dated: October 27, 2026

/s/ Roderick Wright
Roderick Wright
6181 Lake Michigan Drive, #103
Allendale, MI 49401
Phone: (616) 990-9284
Email: wrightiir@yahoo.com
Plaintiff, pro se