UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

RODERICK WRIGHT,
Plaintiff,

v.

AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,
Defendant.

Case No. 1:25-cv-01367-PLM-MV
Hon. Paul L. Maloney
Magistrate Judge Maarten Vermaat

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 56(c)(2) AND 56(c)(4) FOR AN ORDER THAT THE MEYER DECLARATION (ECF NOS. 94-1, 95-1) NOT BE CONSIDERED**

**I. The filed declaration shows no oath, and it is not a declaration under 28 U.S.C. § 1746.**

Defendant filed the same document twice: as ECF No. 94-1 (PageID.2658–2661) and as ECF No. 95-1 (PageID.2686–2689). It is titled "Declaration," but it is written as an affidavit. It states that Ms. Meyer, "having been duly sworn, hereby swears and attests to the following" (ECF No. 95-1, PageID.2687). It closes the way an affidavit does: "FURTHER AFFIANT SAYETH NOT" (ECF No. 95-1, PageID.2689).

The filed copies bear one signature, the declarant's. No jurat, notarial certificate, seal, or signature of any officer authorized to administer oaths appears on any page. The document also does not contain the statement that would make an unsworn declaration usable in its place: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2).

This Court's rule requires that an affidavit filed in support of or in opposition to a motion be filed as "a scanned PDF version of the original document," and that the filed version "must

bear a scanned image of all original manuscript signatures." LCivR 5.7(d)(iii). An officer who administers an oath signs the jurat. No such signature appears.

Defendant knows how to file a sworn document from the same declarant. Its verification of interrogatory answers, signed by Ms. Meyer on May 8, 2026, bears a notary's certificate: "Subscribed and sworn to before me on this 8 day of May, 2026," signed by a notary public of Montgomery County, Maryland (ECF No. 84-1, PageID.953). The declaration here, signed September 11, 2026, recites the same county and bears no notary's signature at all.

**II. An unsworn statement cannot be considered on summary judgment.**

A party may support a fact on summary judgment by citing "affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

The 2010 amendments did not dispense with the oath. They allowed a substitute for it: "A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. An unsworn declaration has "like force and effect" only if it is "subscribed by him, as true under penalty of perjury, and dated." 28 U.S.C. § 1746.

The Sixth Circuit enforces the requirement. "An unsworn affidavit cannot be used to support or oppose a motion for summary judgment." *Pollock v. Pollock*, 154 F.3d 601, 611 n.20

(6th Cir. 1998). "[A] court may not consider unsworn statements when ruling on a motion for summary judgment." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991).

The Meyer document is neither. It does not show that an oath was administered, and it does not contain the § 1746 statement. It cannot be considered.

Once Plaintiff objects, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. Defendant has not carried that burden. It has shown no oath, and it has not offered a declaration under § 1746.

**III. Defendant was asked whether Ms. Meyer was sworn. It did not say that she was.**

On October 19, 2026, Plaintiff wrote to Defendant's counsel, identified the missing jurat and LCivR 5.7(d)(iii), and asked that, if Ms. Meyer was sworn before a notary or other officer when she signed on September 11, 2026, Defendant file the complete declaration, including the notarial certificate, by 5:00 p.m. on Friday, October 23, 2026 (Exhibit 1). Defendant's counsel replied on October 20, 2026, in full: "Given the Magistrate's Report and Recommendation, this issue appears to be moot" (*id.*). The reply does not say that Ms. Meyer was sworn. No complete declaration was filed by the deadline, or since. The last entry on the docket is the Report and Recommendation (ECF No. 101).

Defendant still tells the Court that the document is "sworn testimony" (ECF No. 100, PageID.2791, 2803). That statement is false, and nothing in the record supports it. It is one of many false statements Defendant has made in this case. *See* ECF Nos. 42, 45, 61, 70, 71, 75, 84, 96; ECF No. 97, PageID.2713–2718; ECF No. 99-1, PageID.2765–2780.

**The declaration was not sworn.** "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v.*

*Costa*, 539 U.S. 90, 100 (2003) (quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)). The circumstances here:

(1) The document says the declarant was "duly sworn," but no jurat, notarial certificate, seal, or officer's signature appears on either filed copy (ECF No. 94-1, PageID.2658–2661; ECF No. 95-1, PageID.2686–2689).

(2) It contains no statement under penalty of perjury. 28 U.S.C. § 1746.

(3) Four months earlier, the same declarant signed before a notary public of Montgomery County, Maryland, and Defendant filed the jurat (ECF No. 84-1, PageID.953). The September document recites the same county and bears no notary's signature.

(4) This Court's rules required Defendant to file "a scanned image of all original manuscript signatures," LCivR 5.7(d)(iii), and to "maintain the documents bearing the original manual signature for subsequent production to the Court or for inspection by a party," LCivR 5.7(e)(viii). If a notary had signed, Defendant had the notary's signature to file.

(5) Asked in writing to file the complete declaration by a stated deadline, Defendant answered only that the issue "appears to be moot," and filed nothing (Exhibit 1).

(6) Defendant still calls the document "sworn testimony" (ECF No. 100, PageID.2791, 2803), and has not said, in any filing or in its reply, who administered an oath, or when.

A declarant who had been sworn would have a jurat to file. Defendant had every opportunity to file one and filed none. The declaration was not sworn, and Defendant's description of it as "sworn testimony" is false.

**IV. The issue is not moot.**

The Report and Recommendation states that the declaration "has not been considered in this R. & R. ECF No. 94-1," and recommends denying Plaintiff's earlier objections as moot (ECF No. 101, PageID.2818–2819). The question is not moot, for four reasons.

First, a report and recommendation is not a ruling. On objections, "[a] district judge shall make a de novo determination," and "may consider the record developed before the magistrate judge." LCivR 72.3(b). The declaration is in that record.

Second, the Report and Recommendation refers only to ECF No. 94-1. The same document is also on the docket as ECF No. 95-1 (PageID.2686–2689), and the Report and Recommendation does not mention it.

Third, Defendant continues to rely on the document as "sworn testimony" (ECF No. 100, PageID.2791, 2803).

Fourth, "the original papers and exhibits filed in the district court" are part of the record on appeal. Fed. R. App. P. 10(a)(1). An order now makes clear, in that record, whether the document was considered. If the Court resolves the pending motions and objections without relying on either copy, Plaintiff requests that its order say so.

**V. This motion is different from Plaintiff's earlier objections.**

Plaintiff's earlier objections (ECF No. 99) addressed what particular paragraphs say. This motion does not depend on what any paragraph says. It turns on what the filed document does not contain: a jurat, or the statement under penalty of perjury that § 1746 requires. That is a matter of form, visible on the face of ECF Nos. 94-1 and 95-1.

**VI. The complete declaration was required when it was filed, and a later document cannot replace it.**

This Court's rule required Defendant to file the declaration complete: the filed version "must bear a scanned image of all original manuscript signatures." LCivR 5.7(d)(iii). If an officer administered an oath on September 11, 2026, that officer's signature was part of the original, and Defendant was required to file it. Defendant filed the document twice, on September 14, 2026, as ECF Nos. 94-1 and 95-1, and both copies end with the declarant's signature alone. If a jurat exists and was left off, the declaration Defendant filed was incomplete, and Defendant told the Court it was "sworn testimony" (ECF No. 100, PageID.2791, 2803) while holding back the part that would show it.

A document signed or sworn after the fact is a different document. The declaration before the Court is the one dated September 11, 2026, filed September 14, 2026, and described to the Court as "sworn testimony" on October 16, 2026. An oath taken later, or a new declaration under 28 U.S.C. § 1746 bearing a later date, would not make the September 11 statement sworn. It would not change what Defendant filed, or what Defendant told the Court about it.

Defendant has already been given the opportunity to show an oath. On October 19, 2026, Plaintiff asked in writing for the complete declaration, including any notarial certificate, and gave Defendant until October 23, 2026 (Exhibit 1). Defendant answered that the issue "appears to be moot" and filed nothing. The summary-judgment briefing on Defendant's motion closed long before, and Defendant has not sought leave to file anything new.

The Court may "give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1). If the Court permits Defendant to file a new affidavit or declaration, Plaintiff requests that (1) the new document be filed and identified separately; (2) Plaintiff be given an

opportunity to respond to it before the Court relies on it; and (3) the record reflect that the September 11, 2026 document, as filed and as described to the Court, bore no jurat and no statement under penalty of perjury.

**CONCLUSION**

The Meyer document recites that the declarant was "duly sworn," but nothing filed shows an oath, and it is not a § 1746 declaration. Defendant was asked and did not say that she was sworn. The circumstances show that she was not. Under Rule 56(c)(4), *Pollock*, and *Dole*, it cannot be considered. Plaintiff respectfully requests that the Court order that ECF Nos. 94-1 and 95-1 not be considered for any purpose in deciding ECF Nos. 80, 91, and 92 or the objections to ECF No. 101. If the Court resolves the pending motions and objections without relying on either copy, Plaintiff requests that its order say so.

Respectfully submitted,

Dated: October 27, 2026

/s/ Roderick Wright
Roderick Wright
6181 Lake Michigan Drive, #103
Allendale, MI 49401
Phone: (616) 990-9284
Email: wrightiir@yahoo.com
Plaintiff, pro se

## CERTIFICATE OF COMPLIANCE

Pursuant to LCivR 7.3(b)(ii), I certify that this brief complies with the word-count limitation of LCivR 7.3(b)(i). This brief contains 1,851 words, excluding the case caption, the signature block, and the certificate. The word count was generated by Microsoft Word, Version 2608 (Build 20326.20158).

Respectfully submitted,

Dated: October 27, 2026

/s/ Roderick Wright
Roderick Wright
6181 Lake Michigan Drive, #103
Allendale, MI 49401
Phone: (616) 990-9284
Email: wrightiir@yahoo.com
Plaintiff, pro se