UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RODERICK WRIGHT,<br>Plaintiff,<br><br>-v-<br><br>AMERICAN SPEECH-LANGUAGE-HEARING ASSOCIATION,<br>Defendant. | No. 1:25-cv-1367<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Roderick Wright, proceeding without the assistance of counsel, sued Defendant American Speech-Language-Hearing Association (ASHA). Plaintiff alleged claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). The First Amended Complaint also included a claim for a denial of fair procedure under common law. The court referred the lawsuit to the Magistrate Judge.

The parties filed several motions. Defendant filed a motion for summary judgment. ECF No. 80. Plaintiff filed a motion for summary judgment. ECF No. 91. He then filed a second motion for summary judgment for Count III, his fair procedure claim. ECF No. 92. Plaintiff filed a motion for sanctions, ECF No. 84, and objections to the declaration of Katherine Meyer and a Rule 56(h) motion, ECF No. 99.

The Magistrate Judge issued a report recommending the court grant Defendant's motion for summary judgment, deny Plaintiff's motions, and then dismiss this lawsuit. ECF No. 101. Plaintiff filed objections. ECF No. 103. The court will adopt the report and recommendation.

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

B.

The Sixth Circuit has been afforded an opportunity to review the complaint. Plaintiff sought a preliminary injunction, which this court denied. Plaintiff filed an appeal. In resolving the appeal, the circuit court reviewed and summarized the complaint. The court concluded that

> all four counts in Wright's complaint depend on proving that he requested a reasonable accommodation during the ethics review process and that the ASHA failed to provide it. Even if Wright is attempting to argue that ASHA failed to engage in the informal interactive process required by the ADA, he still must start by showing that the ASHA denied his request for accommodations.

ECF No. 83 PageID.927.[1] This court cannot ignore the Sixth Circuit's description of Plaintiff's claims. *See Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). The Magistrate Judge found that the failure to participate in the interactive process does not give rise to an independent claim; rather, Plaintiff needed to first establish that he

[1] The court has omitted the various citations contained within the quotation.

requested an accommodation and that Defendant failed to provide it. The Magistrate Judge found that Plaintiff's evidence did not create a genuine issue of material fact on this issue. The Magistrate Judge also found that Plaintiff failed to establish a genuine issue of material fact relating to his challenge to the decision made by ASHA's Board of Ethics.

Objections 1 and 2.

Starting on page 3 (PageID.2808) and continuing through page 5 (PageID.2810) of the R&R, the Magistrate Judge summarized the ASHA's Board of Ethics Determination, a document that can be found at ECF No. 38-1. Plaintiff objects to some of the statements found on page 5 of the R&R.

The court overrules Plaintiff's objections. The Magistrate Judge fairly summarized the relevant allegations set forth against Plaintiff in the Board of Ethics Determination document.

Objection 3.

On pages 2 and 3 (PageID.2807-08) of the R&R, the Magistrate Judge block quotes a portion of the Sixth Circuit's opinion affirming the denial of Plaintiff's motion for a preliminary injunction. Plaintiff objects and argues that the Magistrate Judge erred by adopting the facts set forth in the earlier stage of the litigation as binding during summary judgment.

The court overrules Plaintiff's objection. The Magistrate Judge accurately quoted the Sixth Circuit's opinion. Plaintiff's disagreement with the Sixth Circuit's description of events giving rise to this lawsuit does not provide any basis for this court to reject the R&R.

Objections 4-7.

On pages 12 and 13 (PageID.2817-18) of the R&R, the Magistrate Judge discussed Plaintiff's third cause of action, which Plaintiff described as a state law fair-procedure claim. The Magistrate Judge sets forth the standard for judicial review for such a challenge. The Magistrate Judge then found that Plaintiff did not overcome the "great deference" that a court must afford the accrediting agency. The Magistrate Judge summarized Plaintiff's argument as merely disagreeing with the ASHA's conclusion. Plaintiff objects to the standard for review set forth in the R&R. Plaintiff argues that the correct standard of review includes a review of whether the agency's decision is supported by substantial evidence. Plaintiff contends that the AHSA falsified the record and used a fraudulent process to reach its decision.

The *Thomas M. Cooley Law School v. American Bar Association* opinion provides that a court "reviews only whether the decision of an accrediting agency such as the ABA is arbitrary and unreasonable or an abuse of discretion and whether the decision is based on substantial evidence." 459 F.3d 705, 712 (6th Cir. 2006) (citations omitted). Plaintiff does not object to the portion of the R&R explaining the review of an accrediting agency's decision as arbitrary or unreasonable. The substantial evidence standard adds little to the analysis here.

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere

> scintilla." It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (all citations omitted).

The court overrules Plaintiff's objections. Plaintiff has not persuaded the court that the Magistrate Judge erred in the portion of the R&R addressing his third cause of action. Counsel represented Plaintiff during this proceeding. While Plaintiff disagrees with the evidence the Board relied on and disagrees with the outcome, Plaintiff has not demonstrated that he, through counsel, was not afforded an adequate opportunity to present evidence or to challenge the evidence against him. The record demonstrates that the ASHA decision has sufficient support and conformed to the fundamental principles of fairness.

Objection 8.

On page 11 (PageID.2816) of the R&R, the Magistrate Judge concluded that that Plaintiff failed to present evidence creating a genuine issue of material fact that the ASHA denied his request for reasonable accommodations. Plaintiff objects. Plaintiff contends that ASHA refused to engage with him directly and also refused his request for a detailed explanation and supporting documentation about his start date.

The court overrules Plaintiff's objection. Counsel represented Plaintiff during this underlying proceeding. ASHA did not fail to afford reasonable accommodations by directing its communication to counsel. Plaintiff's demand for evidence does not constitute a reasonable accommodation based on his disability. Plaintiff's demand addresses the merits of the dispute. ASHA agreed to and provided the accommodations recommended by Plaintiff's doctor.

Objections 9-10.

The Magistrate Judge quoted the Sixth Circuit's opinion finding that all four of the causes of action depend on proving that Plaintiff requested a reasonable accommodation and ASHA failed to provide the reasonable accommodation. The Magistrate Judge also quoted the portion of the Sixth Circuit's opinion noting that ASHA granted and then provided reasonable accommodations. Plaintiff objects. Plaintiff argues both count III (fair process) and count IV (retaliation) do not depend on the failure to provide a reasonable accommodation. Plaintiff insists that a genuine issue of material fact exists whether ASHA provided the accommodations. Plaintiff contends that the conclusions made on the record at the preliminary injunction stage are not binding now.

The court overrules Plaintiff's objection. The court cannot ignore the Sixth Circuit's findings concerning the nature of Plaintiff's claims. The Magistrate Judge discussed in some detail the evidence in the record showing what reasonable accommodations were requested and were granted. And, Plaintiff has not demonstrated that either cause of action would survive if they were not hinged on the failure to provide a reasonable accommodation.

Objection 11.

Plaintiff alleged that counsel made false statements and requested sanctions. The Magistrate Judge found that neither ASHA nor counsel made false statements. Plaintiff objects.

The court overrules Plaintiff's objection. This case arises because the parties dispute various facts (e.g., Plaintiff' start date). That ASHA and counsel assert their version of the disputed facts in a brief does not warrant sanctions.

Objection 12.

Plaintiff requested the court strike portions of a declaration. The Magistrate Judge found the request moot because he did not rely on the declaration to resolve the motions for summary judgment. The Magistrate Judge also found Plaintiff's objections to the declaration to be argumentative. Plaintiff objects.

The court overrules the objection. Plaintiff does not dispute that the Magistrate Judge did not consider the declaration. The relief Plaintiff seeks is moot.

Objection 13.

Plaintiff objects to the recommendation. Having rejected all of the previous objections, the court finds the recommendations sound.

For these reasons, the court **ADOPTS** the report and recommendation. ECF No. 101. The court **GRANTS** Defendant's motion for summary judgment. ECF No. 80. The court **DENIES** Plaintiff's motion for sanctions, ECF No. 84, Plaintiff's two motions for summary judgment, ECF Nos. 91 and 92, and Plaintiff's objections to the declaration, ECF No. 99. Having resolved the motions for summary judgment without reference to the Meyer Declaration, the court **DISMISSES** as moot Plaintiff's motion to disregard the Meyer Declaration, ECF No. 102, which he filed after the Magistrate Judge issued the R&R. **IT IS SO ORDERED.**

Date: November 6, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge